*the Matter of the Mayor of the City of New York* (99 N. Y. 577); *Sage* v. *City of Brooklyn* (89 id. 196), and *Bloodgood* v. *M. & H. R. R. Co.* (18 Wend. 18).

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., and LEWIS, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Judicial Settlement of the Accounts of HOW-ARD SOULE, CHARLES F. DURSTON and GEORGE S. EVERTS, as Executors, etc., of LYMAN SOULE, Deceased.

*Surrogates — power of, to open or modify a decree — Code of Civil Procedure, § 2481, subdivision 6 — meaning of " other sufficient cause."*

A surrogate or Surrogate's Court has only power to open or modify a decree of such court for the causes prescribed by subdivision 6 of section 2481 of the Code of Civil Procedure, namely, " for fraud, newly discovered evidence, clerical error, or other sufficient cause."

The application of the words " or other sufficient cause," in the above clause, is controlled by the rule *noscitur a sociis*, and, accordingly, the other sufficient cause must be of the same or like nature with the causes particularly specified.

One of three executors died about a year after the issuance of letters testamentary, and thereafter a successor was appointed. Proceedings, for an accounting by the executors, were subsequently instituted in the Surrogate's Court, in which the personal representatives of the deceased executor were cited and appeared by attorneys. During the pendency of such proceedings an agreement was arrived at between all the parties interested, one provision of which was that three full commissions should be allowed, one to each of the two surviving original executors, and the third to the estate of the deceased executor and the executor succeeding to his position, jointly; and it was agreed between the representatives of the deceased executor and his successor that such third commission should be divided equally between them. The drafting of a decree was delegated to certain of the attorneys, and a decree was entered which divided one commission, earned up to its date, equally between the estate of the deceased executor and the successor executor, but was silent in respect to commissions thereafter to be earned. Some three months thereafter the representatives of the deceased executor applied to the surrogate to open and modify the decree, on the ground of its omission to provide for the distribution

of future commissions, which application was granted and an order was made by the surrogate opening the decree and modifying it by dividing the third commission in a different proportion. From this order the executor who had succeeded to the place of the deceased executor appealed.

*Held*, that if any error existed in the original decree it was the result of inadvertence merely on the part of the attorneys for the representatives of the deceased executor;

That no cause for opening the decree was disclosed which was at all of the nature of fraud, newly discovered evidence, or clerical error;

And, hence, that the surrogate had no power to open and modify the decree, and the order so doing was erroneous.

APPEAL by George S. Everts, one of the executors of the estate of Lyman Soule, deceased, from an order of the surrogate of Cayuga county, entered in the Surrogate's Court of that county on the 17th day of February, 1893, opening and modifying a decree of the said Surrogate's Court previously made in the same matter, with notice of an intention on the part of said Everts to bring up for review on such appeal that part of the previous decree relating to the award of commissions.

*Oscar Tryon*, for the appellant.

*F. E. Storke*, for the respondent.

DWIGHT, P. J.:

The controversy here is solely between one of the present executors of the will and the personal representative of a former executor, deceased; it relates solely to the award of commissions to the two, respectively, and it must turn, as we think, upon the single question of the power of the surrogate to make the order appealed from.

The testator, Lyman Soule, died in November, 1885, leaving a will by which he nominated Howard Soule, Charles F. Durston and Charles G. Briggs as its executors, and they received letters testamentary in June 1886. Mr. Briggs died in August, 1887, and Mr. Everts was appointed his successor in April, 1891.

In May, 1891, the proceedings for an accounting were instituted which finally resulted in the decree, the modification of which is the subject of this appeal. All parties interested were duly served with citation to such accounting, among whom the respondents here, executors of the will of the deceased executor, Briggs, appeared by attorneys, who represented them throughout the proceedings. Those

FIFTH DEPARTMENT, OCTOBER TERM, 1893          [Vol 72

proceedings were adjourned from time to time until August, 1892, during which period of more than a year, negotiations for an amicable adjustment of all questions arising upon the accounting were pending between counsel for the numerous parties interested, and frequent conferences on the subject were held, at nearly all of which one or the other of the attorneys for the executors of Briggs was present. The result of these negotiations seems to have been a compromise and settlement of all differences between the parties, and an agreement in which all united, upon the provisions of the decree to be entered, and it was delegated to two of the attorneys, one of whom represented the executors and one various legatees, to draft the decree, and the decree thus prepared was duly entered by the surrogate as of the 1st day of August, 1892.

Among the matters so agreed upon was a provision to the effect that three full commissions should be allowed to the executors, one of which should be awarded to Mr. Soule, one to Mr. Durston, and the third to Mr. Everts and the estate of Briggs jointly ; and the agreement between the two last-named parties was that such third commission should be divided equally between them; and so it was provided by the decree as entered so far as the provision on that subject went. But just at this point the difference arose. Counsel for the executors of Briggs depose that they understood the question extended to all the commissions earned and to be earned through-out the entire administration of the estate, and supposed that the decree to be entered would so provide ; whereas the decree as entered made provision only for commissions earned up to its date and was silent in respect to the award of commissions thereafter to be earned. It was on the ground of this omission to provide for the distribution of future commissions that the order was made from which this appeal was taken. The application for that order was not made until more than three months after the decree was entered, and after Mr. Everts had been called upon by the executors of Briggs and had declined to sign an agreement to the effect that all future commissions awarded to him should be equally divided with them.

The order appealed from, in modifying the decree previously entered, entirely ignored the agreement for equality of division between the Briggs estate and Mr. Everts upon which the provis-

ions of the decree in that respect had been based, and made the division upon an entirely different basis and in about the proportion of twenty-five to the former to eleven to the latter.

We do not think it necessary to examine the grounds upon which the new apportionment was made, because we are of opinion that the surrogate was wholly without jurisdiction, upon the allegations and proofs before him, to open the decree for any purpose or to modify it in any respect.

The surrogate and the Surrogate's Court are tribunals of strictly statutory jurisdiction. Section 2481, subdivision 6 of the Code of Civil Procedure, confers upon either of them, as the case requires, the sole power which is possessed by either to open or modify a decree of the Surrogate's Court; and the limitation of that power is prescribed by the same subdivision, viz., that it may be exercised only "for fraud, newly discovered evidence, clerical error or other sufficient cause." There was in this case no suggestion of fraud, of newly discovered evidence or of clerical error, but only, at the most, that the provision of the decree in question was not fully in accordance with the understanding of one party as to the effect of the agreement, the terms of which were not in dispute, which was the basis of that provision. Such a ground of complaint is clearly not within the purview of the phrase "other sufficient cause," as employed in the statute above quoted. It is well settled that the application of those words is strictly controlled by the rule of *noscitur a sociis*, and, accordingly, that the other sufficient cause must be of the same or like nature with the cause particularly specified. (*In the Matter of Hawley*, 100 N. Y. 206; *In the Matter of Tilden*, 98 id. 434; *In the Matter of Kranz*, 41 Hun, 463.) It seems very clear that neither the allegations nor the proofs of the moving party in this case disclose any ground for the opening of this decree which are at all of the nature of fraud, newly discovered evidence or clerical error. The provision complained of was not based upon evidence adduced before the surrogate, but upon an agreement between the parties which was arrived at in the course of negotiations extending over a period of many months in which the respondents here were fully represented. They had the fullest opportunity to inspect the draft decree before it was entered, and there is really no reason to suppose that they would

have objected to the provision in question if they had so inspected it, since their objection now made is not to the terms of the provision as made, but to its possible effect upon the award of commissions in the future. In short, we think it must be said that the error complained of, if any was committed, was the result of inadvertence merely on the part of the attorneys for the representatives of Briggs, and was not within the provisions of the statute which confers upon the surrogate the power to open and vacate or modify a decree of his court.

For the reasons stated we are of the opinion that it was error to grant the order appealed from, and that the same must be reversed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order of the Surrogate's Court of Cayuga county appealed from reversed, with ten dollars costs and disbursements, and motion to open the decree denied.