knew or could testify to the matter under inquiry, no exception to his rejection would lie. Bates v. Barber, supra; Greenleaf, supra. Burr-Jones on Evidence, supra, says:

"It is not a condition to the competency of the impeaching witness that he should reside in the same neighborhood."

The evidence sought was not cumulative; indeed, the learned court charged the jury that there was no testimony that tended to impeach Mr. Sawyer. As the fact of the sale virtually rested upon the testimony of Mr. Sawyer, the importance of his impeachment to the defendant is manifest. And although Mr. Sawyer was neither an accomplice, nor an odious witness, whose testimony was to be discredited (Rapalje on Witnesses, § 189, and authorities cited), yet, in view of his employment as a detective, his testimony was to be received "with the greatest caution and distrust," said of a witness in a like case (Commonwealth v. Downing, 4 Gray [Mass.] 29).

I think that the defendant should have been permitted to show the amount of the compensation paid to Mr. Sawyer for his service. Mr. Sawyer testified on cross-examination that he was paid, and fully paid, and that he was not to receive any further compensation contingent upon a conviction; but the defendant was not permitted to ask the amount thereof, or the time of its payment. The inquiry into the matter of compensation was material (State v. Tosney, 26 Minn. 262, 3 N. W. 345), and I think that these further questions were proper. The amount of the compensation for such work might indicate eagerness to show that it was successfully done, so as to secure a conviction, or a natural desire for a retention in work highly paid, and the time of the payment might indicate that, despite the witness, the compensation was contingent upon some successful step in the prosecution of the crime.

I think that the judgment should be reversed, and a new trial should be ordered. All concur.

---

### In re PECK'S ESTATE.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

1. COURTS (§ 202*) — SURROGATE COURTS — MODIFICATION OF JUDGMENT — PROCEEDINGS.

Under Code Civ. Proc. § 2481, subd. 6, giving the surrogate power to modify or vacate any order for "fraud, newly discovered evidence, clerical error or other sufficient cause," to be exercised only in a like case and in the same manner as a court of record exercises the same powers, the moving papers on a motion to modify a surrogate's decree must point out the grounds of the motion, whether for fraud, newly discovered evidence, clerical error, or other sufficient cause.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 485; Dec. Dig. § 202.*]

2. COURTS (§ 202*) — SURROGATE'S COURT — MODIFICATION OF JUDGMENT—JUDICIAL POWER.

The power conferred on the surrogate by Code Civ. Proc. § 2481, subd. 6, to modify a decree for fraud, newly discovered evidence, clerical error,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or other cause, precludes him from modifying a decree for judicial error in a decree made and entered with all the formalities of law; but the remedy of any party aggrieved is by appeal, as authorized by sections 2568, 2572.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 202.*]

3. JUDGMENT (§ 717*)—CONCLUSIVENESS.

A decree is limited in its operation to the matters actually before the court.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1248; Dec. Dig. § 717.*]

4. EXECUTORS AND ADMINISTRATORS (§ 513*)—ACCOUNTING—CONCLUSIVENESS.

Under Code Civ. Proc. § 2742, providing that a judicial settlement of the account of an administrator by the surrogate court is conclusive evidence against all the parties of the matters passed on in the accounting, a final accounting decree is not conclusive on the question of the administratrix's right to bonds not accounted for by her, where the question relating to the bonds was not before the surrogate for determination.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2290; Dec. Dig. § 513.*]

Appeal from Surrogate's Court, Orange County.

In the matter of the judicial settlement of the estate of Augustus H. Peck, deceased. From an order of the Surrogate's Court, denying a motion to open, vacate, or modify the final accounting decree, Albert F. Peck and others appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and MILLER, JJ.

Louis Malthaner, for appellants.
C. E. Cuddeback, for respondent.

WOODWARD, J. Augustus H. Peck died a resident of Orange county in March, 1907. He left no will, and was survived by his widow, Grace Peck, and three children; the latter constituting the appellants now before this court. Grace Peck was duly appointed as administratrix of the estate. In a safe deposit box were found, among the assets of the estate, five bonds of the Japanese government and two other bonds, all unregistered, aggregating $7,000. These bonds were contained in two envelopes, on which were indorsed, in the intestate's handwriting, declarations that the bonds were the property of his wife, and were not to be accounted for by her in any way. The appellants have brought an action in the Supreme Court to determine the ownership of these bonds, and the present controversy arises over the provisions in the decree of the surrogate of Orange county judicially settling the accounts of Grace Peck as administratrix. The appellants were represented by counsel in the accounting, and the decree was entered by consent. It contains this provision:

"It is further ordered, adjudged, and decreed that upon payment to said distributees [the widow and the three children of decedent] of the amounts thus set opposite to their respective names, that said administratrix be, and she hereby is, together with the surety upon her official bond, discharged and relieved from all further or other liability or responsibility in connection with said estate and to the distributees thereof."

The appellants moved before the surrogate for an order opening, vacating, or modifying the final accounting decree, the object being to get the above clause modified; it being claimed that it was embarrassing the litigation pending in the Supreme Court above referred to. This motion was denied; the learned surrogate in an opinion holding that:

"While this clause is broader and more sweeping in its terms than should be either permitted or used in decrees discharging executors or administrators, still as a decree has no binding force on any party interested, except as to the matters or items embraced in the account up to and including the date of its rendition, I am unable to see that the applicants have been deprived of any other or further rights which they have or had in said estate which cannot be recovered by an action at law or other proper proceeding."

The learned court cites the provision of subdivision 6 of section 2481 of the Code of Civil Procedure, authorizing the surrogate to exercise the incidental power to "open, vacate, modify, or set aside, or to enter, as of a former time, a decree or order of his court, or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause," and then says:

"The affidavits presented by applicants fail in my judgment to show fraud, clerical error, or other sufficient reason why said decree should be vacated or opened."

In this conclusion, which is practically holding that the surrogate is without jurisdiction to open the decree, we are of the opinion that the learned surrogate is right. The subdivision of the Code of Civil Procedure above cited provides, further, that the "powers conferred by this subdivision must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers"; and this clearly requires that the notice of motion or the moving papers should point out the grounds of the motion, whether for fraud, newly discovered evidence, clerical error, or other sufficient cause (section 1289, Code Civ. Proc.), and no such suggestion is to be found in the papers now before us. The notice of motion is for—

"an order in the above-entitled proceeding to set aside the said decree, to authorize and permit the said Albert F. Peck, Mary A. Peck, and Lizzie Peck Courvoisier to interpose objections to the settlement of the said administratrix's account, or that the portion of the decree referred to in the affidavit of Louis Malthaner, hereto annexed, be stricken out, and for such other or further relief," etc.

The provision of the decree referred to is the one quoted above, and the affidavits do not suggest that the administratrix has been guilty of any fraud in the procuring of the decree, or that there has been any newly discovered evidence, clerical error, or other sufficient cause, as that term is judicially understood. In Matter of Henderson, 157 N. Y. 423, 428, 52 N. E. 183, 184, the court, in discussing this provision of the Code of Civil Procedure, say:

"The statute, in speaking of a like case, means that the party making the motion must show the existence of the error or mistake in the same way as if the record was in the other court, and, in providing for the exercise of the power in the same manner, all that is meant is that the surrogate shall pro-

ceed in the same way to hear the application. Proof must be made, notice given, and a judicial hearing of the parties had," etc.

In other words, the moving papers must show that there has been fraud, or that evidence has been newly discovered, or that a clerical error, as distinguished from a judicial error, has been committed, or that other sufficient cause exists. As the Court of Appeals has said in Matter of Tilden's Ex'rs, 98 N. Y. 434, 442:

"It would, therefore, seem that the power conferred upon the surrogate was limited to cases of 'fraud, newly discovered evidence, clerical errors or other sufficient cause,' and would preclude him from exercising the jurisdiction conferred by that section for other causes. Under settled rules of interpretation the words 'or other sufficient cause' must be interpreted to mean causes of like nature with those specifically named. The maxim 'noscitur a sociis' applies, and limits the signification of the general phrase."

Clearly the deliberate language made use of in a judicial decree, made and entered with all the formalities of law, cannot be said to constitute a clerical error. It is, if anything, a judicial error, and the correction of judicial error is not intrusted by the statute to the surrogate, but to the appellate courts. Any party aggrieved may appeal (section 2568) within 30 days after the service of a notice of the decree (section 2572), and we are of the opinion that the provisions of the Code of Civil Procedure above cited, making provision for opening a decree for fraud, newly discovered evidence, clerical error, or other sufficient cause, necessarily preclude the idea that a judicial error may be corrected by a motion made before the surrogate. If it may, then a decree, which by the terms of section 2742 of the Code of Civil Procedure becomes conclusive evidence against all the parties upon certain facts, may at any time, after the time for appeal has expired, be subject to be opened or set aside; for it was held in Matter of Henderson, supra, that there was no limit of time imposed upon the exercise of the powers granted under the provisions of section 2481 of the Code of Civil Procedure. No such intention may be imputed to the Legislature, and the dignified and orderly administration of justice requires that judicial errors shall be corrected, not at the caprice or whim of the court of original jurisdiction, but in the method clearly pointed out by law and sanctioned by ages of usage. See Matter of Soule, 72 Hun, 594, 597, 25 N. Y. Supp. 270, and authorities there cited.

In the case now before us it appears clearly that the appellants are not aggrieved, within the meaning of the provision for appealing; for section 2742 of the Code of Civil Procedure provides that a judicial settlement of the account of an executor or administrator, either by the decree of the Surrogate's Court, or upon an appeal therefrom, is conclusive evidence against all parties of the "following facts, and no others," and then follows an enumeration which simply includes the matters which must be passed upon in relation to the matters covered by the accounting. The books are full of cases which recognize the fact that the decree is limited in its operation to the matters actually before the court, and we are of the opinion that, no matter what the particular language of this decree, it does not operate to deprive the

appellants of any rights, for the reason that the bonds, or any question relating to them, was not before the surrogate for determination. The law controls the effect of the decree, and the surrogate could not overrule, disregard, or change a valid statute. Altman v. Hofeller, 152 N. Y. 498, 502–503, 46 N. E. 961. The decree is conclusive only so far as it is made so by the statute (Frethey v. Durant, 24 App. Div. 58, 62, 48 N. Y. Supp. 839), and any rights which the appellants have in the bonds which it is claimed the administratrix has not properly accounted for may be determined in the action now pending. But, were this not true, they have no right to open this decree for a judicial error. Their remedy was exclusively by an appeal from the decree.

The order appealed from should be affirmed, with costs. All concur.