(135 App. Div. 141.)

JOSEPH v. HERZIG.

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

1. PARTNERSHIP (§ 327*)—SURVIVING PARTNER—ACTION FOR ACCOUNTING—DEFENSES.

In an action by the executrix of a deceased partner for an accounting by the surviving partner as to part of decedent's estate which he received as surviving partner, including the good will, valued at $500,000, and not for a general accounting, an answer, alleging that, nine months before the partner's death, the partners had a settlement showing $94,000 due decedent, and that decedent acquiesced therein to the time of his death, was not a complete or partial defense, especially as so long as the two partners conducted their business under the firm name at the old stand, the good will of the business was not a book asset to be considered in balancing their accounts, and the value thereof could only come into consideration upon a transfer of the business when it would be an asset, the value of which should be ascertained and the proper proportion allotted to the estate of the deceased partner.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 327.*]

2. PARTNERSHIP (§ 327*)—SURVIVING PARTNER—ACTION FOR ACCOUNTING.

An answer alleging that the surviving partner accounted in the Surrogate Court pending settlement of the deceased partner's estate, charging himself with all money received as surviving partner, and that a decree allowing the account was made showing a certain balance in his hands, and adjudging that he had fully accounted for all moneys and property of the estate which had come into his hands as executor, stated no defense complete or partial; it being alleged, and not denied, that the good will of the partnership was worth at least $500,000, and that defendants had continuously refused to concede the interest of the estate therein, and it not being alleged in the answer that the good will was considered in the accounting before the surrogate, which was not an accounting as surviving partner, Code Civ. Proc. § 2742, declaring the effect of a judicial settlement of an executor's account, not making it a bar to an action for an accounting of the estate's property held by a surviving partner not covered by the account in the Surrogate's Court.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 327.*]

3. TRUSTS (§ 295*)—RIGHT TO ACCOUNTING BY TRUSTEE.

A trustee may be called upon to account for a single item or transaction, and is not relieved by showing that for other items he was not liable.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 414; Dec. Dig. § 295.*]

Scott, J., dissenting in part.

Appeal from Special Term, New York County.

Action by Jeanette Herzig Joseph, executrix of Philip Herzig, against Simon Herzig, individually and as executor of Philip Herzig. From a judgment overruling a demurrer to certain defenses, plaintiff appeals. Reversed, and demurrer sustained.

See, also, 130 App. Div. 707, 115 N. Y. Supp. 330.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Shearman & Sterling (John A. Garver, of counsel), for appellant.
Abraham G. Meyer (Harold Nathan, of counsel), for respondent.

CLARKE, J.  Appeal from an interlocutory judgment overruling demurrer to two separate and complete defenses, and, the same facts being pleaded as partial defenses, to said partial defenses, as insufficient in law upon the face thereof.  The complaint alleged that Philip Herzig, the decedent, and Simon, his brother, had been engaged in a copartnership in dealing in, importing, and exporting furs under the name of Herzig Bros. from 1871 to 1903; that Philip died on September 14, 1903, leaving a will under which the plaintiff was appointed executrix and the defendant executor; that the defendant Simon Herzig, as surviving partner of the said firm of Herzig Bros., has taken no steps toward the liquidation of its affairs, but, on the contrary, continued its business in the same manner as if the said partnership had not been terminated by the death of the said Philip; that on or about December 1, 1903, he entered into a copartnership agreement with his sons George B. and Leo S. for the continuance of said business, admitting Isidore Weinberg as a partner on or about December 26, 1906; that the said business has been continued by the said parties as partners since that time on the same premises, under the same name of Herzig Bros., and under a lease made to the former partnership, or a renewal thereof, and with substantially all the property and assets of that partnership; that they have converted such property and assets to their own use, and are now subjecting the same to the peril and risk of what they claim to be their own business in entire disregard of the rights of the said estate, and of the duties and obligations of the said Simon Herzig as an executor thereof, and as surviving partner of the said former partnership; that the defendant, Simon Herzig, claims that the value of the assets of the said partnership at the time of the death of the said Philip Herzig, other than its good will and leasehold interest, did not exceed the sum of $241,291.38 over and above all liabilities; whereas, the tangible assets of the firm, excluding the good will, had a year before been in the neighborhood of $300,000 and were on December 1, 1907, in excess of $500,000, and he has continuously refused to concede that the said estate has any interest in the partnership name or good will, but wrongfully claims that the good will and right to use such name passed to himself exclusively as surviving partner, and that the interest of the said estate in the good will of the said partnership is of no value, whereas such interest is worth at least $500,000.  Plaintiff demands judgment that the defendant, Simon Herzig, account to the plaintiff for the said partnership property, including its good will; that a receiver of the property of the said partnership be appointed; that the defendant be restrained by injunction from interfering with the said property, and that he account to the plaintiff for all profits made by him in the said business; that the said partnership property and good will, including the right to use said firm name of Herzig Bros., be sold, and, after payment of the partnership debts, the proceeds be divided in the proportion to the respective interests therein between Simon Herzig and the estate

of Philip Herzig, deceased; that the defendant be restrained by injunction from using the firm name of Herzig Bros. unless he shall duly purchase the interest of the said estate in the said name.

As I read this complaint, an accounting is demanded, not of the general affairs of the copartnership from the time of the commencement thereof to date, but an accounting is demanded by the executrix of the deceased partner from the surviving partner of the assets of the partnership which came into his hands as such surviving partner, including the good will which is alleged to be worth $500,000, which allegation of fact, for the purposes of this controversy, is admitted by the answer; there being no denials in the separate complete or partial defenses.

The first defense demurred to alleges that on or about the 1st day of December, 1902, the said Philip Herzig caused the partnership accounts of the said firm of Herzig Bros. as between the firm and himself and as between the firm and the defendant from the commencement of the partnership up to and including the 1st day of December, 1902, to be made and stated in the books of the firm, and caused the balance to be ascertained and struck in the account of the said partners under that date; that a balance of $188,053.72 was found due from the partnership to the said Philip Herzig and the defendant, and that the said balance was struck in the account so stated and settled, and was carried by the partners to the credit of the capital account upon the ledger for the year succeeding December 1, 1902, as by reference to the account so stated, balanced, and settled on the ledger fully appeared; that, by such statement and settlement of account, the sum of $94,026.86 was found to be due to the said Philip Herzig, together with the sum of $8.17, being one-half of the undivided profits; that hereto annexed, and marked "Exhibit A," is a true copy of the account stated on the ledger, and that the account so stated and balanced was true and just, and that said Philip acquiesced in the justice and accuracy of said account down to the time of his death.

The position of the defendant is that the complaint asks a general accounting of the partnership, and, having alleged in his answer an account stated as of a given date, that said account was just and true, and that the decedent always acquiesced in the correctness and accuracy thereof, that is a complete defense to this action; that the account could only be attacked for fraud or mistake, which must be affirmatively alleged and proved, and, in the absence of such allegation, proof could not be admitted of any matters prior to said accounting; that, while it may be that an action for an accounting would lie for transactions subsequent to the date of such stated account, it could not be had in this action without an amendment to the complaint which would start with such ascertained and stated account as a basis.

The answer to that contention seems to me to be clear. This is not an action for a general accounting of the partnership affairs from the commencement thereof. Nor does the account stated, which took effect nine months before the death of Philip Herzig, affect the case as presented otherwise than as matter of proof. What the executrix asks for is an accounting by the surviving partner of what of the

decedent's estate he received as surviving partner. That obligation could not begin until the death of Philip Herzig when a new obligation was thrown upon his partner, who, by operation of law, took possession of the partnership assets with a right to hold and administer the same for a reasonable time for the purpose of liquidating the partnership affairs, with an absolute right in plaintiff to call him to account therefor after such reasonable time. Further, so long as the two partners lived and conducted their business under the firm name at the old stand, the good will of that business was not a book asset of the partnership to be taken into consideration in balancing their mutual accounts, because whatever it was worth belonged to them both. It had no ascertainable value as between themselves, never went into the accounts, and never was considered in settling their mutual affairs. The value of a firm name and good will can only come into consideration when it is a question of transfer of the business. It is inseparable from the business itself, and, when that business is transferred, then it is an asset whose value must be ascertained and taken into account, and its proper proportion allotted to the estate of the deceased, who helped to make it. Slater v. Slater, 175 N. Y. 143, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605. I think the demurrer should have been sustained; that the allegation did not constitute a complete defense to the cause of action set up in the complaint.

In the sixth paragraph, the allegations of the fifth are repeated as a partial defense. If my view of the object and scope of this complaint is right, namely, an accounting of what the defendant received and did as surviving partner, then the previous accounting is not a partial defense. Defendant is called upon to account for what he received as a surviving partner. He had a right to the possession and control of all the partnership property which came into his hands at the time of the death of his partner. He is asked to account for that, and I cannot see how it can be an answer to that demand that some time or other the partners inter sese during their lifetime had a settlement of their transactions up to that time. Here we have a case in which it stands on these pleadings that on the 1st day of December, 1902, there was in that partnership upwards of $94,000 belonging to Philip Herzig; that that partnership continued for nine months thereafter; that then Philip died, and that when he died, in addition to what was in that partnership of tangible assets, there was this good will valued at $500,-000; that Simon, not only took possession of all those tangible assets as surviving partner, but that he proceeded to deal with that good will valued at $500,000 as his own, by making up a new firm, using the same name, appropriating the lease to the old partnership, and denying any claim whatever to said good will to his brother's estate. That is a concrete situation which calls upon him, under the trusteeship created by the duties, rights, and obligations put upon him by law as surviving partner, which he has accepted in fact, to account to the estate of his deceased brother, and I think that the facts stated no more constitute a partial than they do a complete defense.

The second complete defense is an accounting in the Surrogate's Court; the allegation being that in said account the defendant charged

himself with all money received from the defendant as surviving partner in the said firm to the time of the filing of said account and with all money collected at the time of the filing of the account and the indebtedness of the defendant as surviving partner to the said estate of Philip Herzig, deceased, said moneys amounting to the sum of $120,-615.99, and that on the 23d day of January, 1906, the decree settling and allowing said account was made leaving a balance in his hands of $88,437.76, and in and by said decree it was adjudged that defendant had fully accounted for all the moneys and property of the said estate of the said deceased which had come into his hands as said executor, and by said decree it was conclusively established that the money charged to the said executor as collected was all that was collectible at the time of the settlement on said indebtedness of the defendant as surviving partner of the estate of said deceased.

I do not think these allegations constitute a defense. It is alleged, and not denied, that the interest of the estate in the good will in the said partnership is worth at least $500,000, and it is alleged that Simon has continuously refused to concede that the said estate has any interest in the partnership name or good will. It is not alleged in the answer that said good will entered in any way into the accounting before the surrogate, which was an accounting as executor and not as surviving partner. Now the plaintiff could be barred by an accounting in the Surrogate's Court which did not take into consideration, did not allude to, or cover, the matters in controversy, I fail to see. The effect of an accounting in the Surrogate's Court is established by law. Section 2742, Code Civ. Proc.

If, in such an accounting, assets are scheduled and collections entered and the claim is made that of said assets so scheduled all has been collected that could be, and a decree is entered settling said accounts, then a person made a party to the proceedings is bound by said decree, and the only way to attack said account is by direct proceedings to open it or to challenge it in the other familiar ways in which an accounting party may be called upon to answer. But it would prove an open door to fraud, an invitation to weak or wicked trustees to hold that they may keep out of their accounts all reference to valuable assets which they have concealed, and then claim that no court may thereafter investigate their accounts because of the finality of the decree of the Surrogate's Court. The mere statement of such a proposition demonstrates its unsoundness. Here the defendant concedes that he did not include the good will valued at $500,000 in his accounts, that he continuously denied that Philip Herzig's estate ever had a penny's worth of interest in such assets, and yet, with an admission of its value, with the admission of his denial of any right thereto, he claims that he cannot be required to account because he has accounted for other matters admitted to have been received.

In Matter of Peck, 131 App. Div. 81, 115 N. Y. Supp. 239, the court said:

"The books are full of cases which recognize the fact that the decree is limited in its operations to the matters actually before the court, and we are of the opinion that no matter what the particular language of this decree it does not operate to deprive the appellants of any rights, for the reason that

the bonds, or any question relating to them, were not before the surrogate for determination. The law controls the effect of the decree and the surrogate could not overrule, disregard, or change a valid statute. Altman v. Hofeller, 152 N. Y. 498, 46 N. E. 961. The decree is conclusive only so far as it is made so by the statute (Frethey v. Durant, 24 App. Div. 58, 48 N. Y. Supp. 839), and any rights which the appellants have in the bonds which it is claimed the administratrix has not properly accounted for may be determined in the action now pending."

In Van Rensselaer v. Van Rensselaer, 113 N. Y. 207, 21 N. E. 75, the Court of Appeals, referring to a decree settling the accounts of an executor, said:

"That decree has no effect upon what was not involved in the settlement, because explicitly withheld from it and put outside of its operation. The Code of Civil Procedure (section 2742) provides upon what facts the judicial settlement of an executor's account shall be conclusive and expressly excludes all others. * * * What concerns us now was not before the surrogate then or involved in any of the facts as to which the decree is conclusive."

The accounting in the Surrogate's Court is not a defense, and it is not a partial defense. It may be matter of proof when it comes to inquiry into the matters which have been specifically accounted for. Where the fiduciary relation exists, a trustee may be called upon to account for a single item, a single transaction, and because he may be able to show that for a hundred items he has no liability he is not relieved from the necessity of accounting for what he is liable for.

This is not a common-law action. It is a suit in equity, and, if one thing is shown for which the defendant is accountable, it is no answer to say that there are other matters for which he is not accountable.

The judgment appealed from should be reversed, with costs to the appellant, and the demurrer sustained, with costs, with leave to respondent to amend upon payment of said costs and within 20 days after service of notice of entry of the order to be entered hereon.

PATTERSON, P. J., and INGRAHAM and LAUGHLIN, JJ., concur.

SCOTT, J. I concur in so far as the defenses are pleaded as complete defenses. I dissent in so far as they are pleaded as partial defenses.