In the Matter of the Transfer Tax upon the Estate of JANE A. TOWNSEND, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; NEW YORK EXCHANGE FOR WOMAN'S WORK, Respondent.

Transfer tax — duty of corporation claiming exemption from transfer tax to appear before appraiser and produce evidence as to exemption — when petition to modify order assessing a transfer tax addressed to judicial discretion of surrogate.

1. It is the duty of a legatee corporation claiming exemption from a transfer tax to appear before the appraiser, and the burden is upon it to produce evidence to show that it is entitled to the exemption. Where it fails to appear, after having been served with notice of the hearing, the appraiser has jurisdiction of the proceed-

ing, and may properly determine the tax payable upon the legacy.

2. The petition of a corporation to a Surrogate's Court for an order modifying a prior order by striking therefrom a transfer tax assessment made against it, which fails to allege fraud, newly-discovered evidence or clerical error, but bases its claim for relief upon the ground that it is exempt by law from a transfer tax, and that through an oversight in not bringing the matter to the attention of its attorneys no appearance was entered or affidavit of exemption filed on its behalf on the appraisal of the estate, is addressed to the judicial discretion of the surrogate, and his determination should not be disturbed on appeal.

*Matter of Townsend,* 153 App. Div. 85, reversed.

(Argued May 26, 1915; decided July 13, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 8, 1912, which reversed an order of the New York County Surrogate's Court denying an application for the modification of a prior order assessing a transfer tax upon the estate of Jane A. Townsend, deceased.

The facts, so far as material, are stated in the opinion.

*Alexander Otis, Schuyler C. Carlton* and *Lafayette B. Gleason* for appellant. The surrogate has no jurisdiction to make such an order as the Appellate Division directs. (Code Civ. Pro. § 2490; *Yazoo & M. V. R. R.* v. *Adams,* 180 U. S. 1; *Church of St. Monica* v. *Mayor, etc.,* 119 N. Y. 91.)

*William R. Bayes* and *Nelson Shipman* for respondent. The Appellate Division correctly held that the petitioner was entitled to apply for a modification of the prior order fixing the tax, the question whether its legacy was liable to a tax on the ground that it was a charitable and benevolent corporation not having been litigated or determined before the surrogate who made the prior order, and it not being disputed by the state comptroller in the

present proceeding that the legacy was not subject to a tax. (*Matter of Wolfe*, 137 N. Y. 204; *Matter of Ull-mann*, 137 N. Y. 403; *Amherst College* v. *Ritch*, 151 N. Y. 282; *Weston* v. *Goodrich*, 86 Hun, 194; *Matter of Costello*, 189 N. Y. 288; *Matter of Vietor*, 160 App. Div. 32.

HOGAN, J. The petitioner was organized under chapter 319, Laws of 1848, entitled "An act for the incorporation of benevolent, charitable, scientific and missionary socie-ties." Under the will of Jane Townsend, deceased, the corporation is a legatee in the sum of ten thousand dol-lars. The purposes of the corporation as stated in its cer-tificate are "to aid women who are reduced in their cir-cumstances, to help themselves in any proper manner, and especially by maintaining in the City of New York a permanent place for the sale of their handiwork."

Letters testamentary were issued upon the estate of Jane Townsend, September 25th, 1908; a transfer tax proceeding was instituted and notice of a hearing on June 3d, 1910, was duly served upon all parties, includ-ing the respondent, on May 11th, 1910. The respondent did not appear before the appraiser, or produce before him any evidence tending to show the nature of its busi-ness or that it was entitled to exemption from the transfer tax, which it now claims.

The report of the appraiser that the respondent was liable to a transfer tax was filed with the surrogate December 21st, 1910, and an order was made January 10th, 1911, fixing the tax against the respondent at five hundred dollars. Notice of such assessment was served on respondent January 19th, 1911. No appeal was taken from the order of the surrogate, and the tax was there-after duly paid.

January 9th, 1912, nineteen months after the hearing before the appraiser, practically one year after the notice of the assessment, the respondent upon a verified petition

applied to the Surrogate's Court for an order modifying the order of January 10th, 1911, by striking therefrom the assessment made against it upon the ground that it was exempt by law from the transfer tax. The petitioner alleged "that through an oversight in not bringing the matter to the attention of the attorneys for the Exchange no appearance was entered or affidavit of exemption filed on behalf of your petitioner on the appraisement of the estate for the purposes of the Transfer Tax on June 3rd, 1910." Annexed to the petition was a copy of articles of incorporation by respondent, disclosing its organization under the statute of 1848, and for the purposes hereinbefore referred to. The petition also asserted that the legacy to it under the will of Jane Townsend, deceased, was exempt from any transfer tax under the tax laws of the state and further alleged that "no officer, member or employee connected with the said corporation received at the time of decedent's death or now receives any pecuniary profit from the operation thereof, except reasonable compensation for the services rendered by them to said Exchange."

The surrogate denied the application of respondent, and upon appeal the Appellate Division, by a divided court, reversed the order of the surrogate, and, in effect, directed that the surrogate should grant the relief prayed for.

By section 230 of the Tax Law the appraiser before whom the proceeding was pending was authorized to take evidence of witnesses under oath concerning the property of the estate, the value thereof, what, if any, exemptions were to be allowed, and he was required to return the depositions of the witnesses examined to the surrogate.

The respondent, having been duly served with the notice of the hearing before the appraiser and having failed to appear in response thereto, the appraiser had jurisdiction of the proceeding, and upon the record then before him could not do other than determine the tax

payable upon the legacy to respondent. The title of respondent, "The New York Exchange for Woman's Work," was not notice to him that the corporation was one entitled to exemption, and even did the name indicate that the corporation might be charitable in its purpose, he would not be justified therefrom in assuming the other facts required by statute to secure the benefits of exemption from taxation. Neither is it incumbent upon an appraiser to devote the time necessary to investigation of corporate legatees under wills in order to ascertain the status of the same. It was the duty of the respondent to appear before the appraiser and the burden was upon it to produce evidence to show that it was entitled to exemption, and for the reasons, not alone that it was organized under the statute of 1848, but facts which would disclose its right to exemption under the provisions of section 221 of the Tax Law (Cons. Laws, ch. 60), which states:

" * * * But no such corporation or association shall be entitled to such exemption if any officer, member or employee thereof shall receive or may be lawfully entitled to receive any pecuniary profit from the operations thereof except reasonable compensation for services in effecting one or more of such purposes or as proper beneficiaries of its strictly charitable purposes; or if the organization thereof for any such avowed purpose be a guise or pretense for directly or indirectly making any other pecuniary profit for such corporation or association or for any of its members or employees or if it be not in good faith organized or conducted exclusively for one or more of such purposes," to the end that depositions may be returned to the surrogate to enable the latter officer to judicially determine the question presented and a complete record made for the purpose of reviewing any decree made by him. This failure on the part of the respondent resulted in the order made by the surrogate which was clearly within his jurisdiction and warranted.

By subdivision 6 of section 2490, Code of Civil Pro-

cedure, the surrogate is authorized "To open, vacate, modify, or set aside or to enter as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical error, or other sufficient cause * * * only * * * in the same manner, as a court of record and of general jurisdiction exercises the same powers." The petition presented to the surrogate does not allege fraud, newly-discovered evidence or clerical error. Did it allege "other sufficient cause?" That question was one addressed to the judicial discretion of the surrogate, and he determined that the oversight of the respondent and failure on its part to bring to the attention of its attorneys information possessed by it, when it was notified of the hearing before the appraiser, was not sufficient cause to grant a new hearing. He might also have determined that the allegations presented in the petition did not disclose that the respondent would on said statements be entitled to exemption. For the reasons stated the order of the Appellate Division must be reversed and the order of the surrogate affirmed, without costs.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, CARDOZO and SEABURY, JJ., concur.

Order reversed, etc.