Matter of the Probate of the Last Will and Testament of WILLIAM S. ROWLEY, Deceased.

(Surrogate's Court, Westchester County, February, 1921.)

Surrogates' Courts — service by publication — probate — when motion to vacate service of citation by publication denied — wills.

The presumption in favor of the regularity of judicial process should not be lightly disregarded, and the statement in the moving affidavit on a motion to vacate the service of the

Surrogate's Court, Westchester County, February, 1921.    [Vol. 114.

> citation to attend the probate of a will, that " I did not receive the citation or summons by mail " cannot be accepted as a reason for opening up the decree admitting the will to probate.

Motion to vacate and set aside a decree admitting a will to probate.

Horace Comfort (Frederick P. Close, of counsel), for motion.

Mott & McCready, in opposition.

Slater, S.  Upon notice of motion, Samuel Rowley Macdonald and John Rowley seek to vacate and set aside the decree entered herein on the 7th day of October, 1920, admitting to probate the will of William S. Rowley, and for leave to file objections to the probate of said will.  The petition was served upon them and others by publication and mailing.  The petition for the order of publication recited that Samuel Rowley Macdonald resides at Wallingford, Conn., and John Rowley resides at Palo Alto, Cal.  Pursuant to the order of publication, citation was duly published and mailed to them at said addresses, as appears by the affidavits of publication and mailing.  The citation issued July 13, 1920, and was returnable September 28, 1920.  They both swear in their affidavits, and Samuel Rowley also appearing personally, and stated, that they never received the citation by mail and were not otherwise informed as to the probate of the will until late in October, 1920.

When service of process is made by mail, the deposit in the post office is the service.  *Elliot* v. *Kennedy,* 26 How. Pr. 422.  The provision of the statute for service by publication is a substitute for personal service, and it must be strictly observed.  *Fink* v. *Wallach,* 47 Misc. Rep. 242; *Fair* v. *Kenny,* 103 id. 412.  The serv-

ice of the citation in every way complied with the Code. It is presumed that, when papers are mailed, they are received by the person who is addressed, and that the person is fairly and fully apprised. *Mishkind* v. *Sidorsky*, 189 N. Y. 402; *Heller* v. *Levinson*, 166 App. Div. 673. The burden of proving want of jurisdiction is upon the party questioning it, and it must be established in a clear and satisfactory manner to nullify the decree. *Steinhardt* v. *Baker*, 20 Misc. Rep. 470; affd., 163 N. Y. 410. Upon motion to vacate a service of citation, the moving party must distinctly negative the existence of circumstances which would render the service valid.

By subdivision 6 of section 2490 of the Code of Civil Procedure the surrogate is authorized: " To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause * * * only * * * in the same manner, as a court of record of general jurisdiction exercises the same powers." The complaining parties do not allege fraud, newly discovered evidence or clerical error. Do they come under " other sufficient cause?" *Matter of Townsend*, 215 N. Y. 442; *Matter of Tilden*, 98 id. 434; *Matter of Henderson*, 157 id. 423; *Ferguson* v. *Crawford*, 70 id. 253. The excuse offered is that they did not receive the citation through the mails. It was admitted by Samuel Rowley Macdonald that he was at Wallingford, Conn., throughout the summer of 1920 and was well known to the postal authorities. John Rowley stated in his affidavit that he had not lived at Palo Alto, Cal., but at Berkeley, Cal., for over twelve years last past. However, deeds executed by him in 1910, recorded in the Westchester county register's office, recite him as a resident of Palo Alto, Cal. The

Surrogate's Court, Westchester County, February, 1921. [Vol. 114.

attorney for the proponent, upon inquiry, was informed by members of the family on the day of the funeral of the decedent that John Rowley's post office address last known to them was Palo Alto. At this hearing no one was produced who knew otherwise.

The circumstances under which the power may be exercised are questions addressed to the court to which application is made. *Matter of Severance,* 106 Misc. Rep. 710, and cases cited; *Matter of Tilden,* 98 N. Y. 434; *Matter of Henderson,* 157 id. 423; *Matter of Townsend,* 215 id. 442; *Matter of Hermann,* 178 App. Div. 182.

In *Matter of Norwood,* 111 Misc. Rep. 530, the petitioner had knowledge of the correct address of the persons served; but mailed the citation to another place and, consequently, the decree of probate was opened. In *Pfotenhauer* v. *Brooker,* 52 Misc. Rep. 649, statement was made that not only was no summons ever served, but at the time when, and place where, the service was alleged to have been made, the defendant was not present and had not been at that place.

It appears from the evidence that both Samuel Rowley Macdonald and John Rowley had engaged the same attorney early in July, 1920. On the day of the issuance of the citation, July 13, 1920, the attorney for the proponent wrote Mr. Comfort and said: " Referring to your favor of the 13th instant in the matter of the estate of William S. Rowley, we filed the original will and probate papers on the 13th instant and obtained order for publication of citation returnable on September 28th at 10 A. M. at White Plains."

From letters in evidence it seems that throughout the summer the two moving parties were considering a contest of the probate of the will. The whole matter was gone over with counsel. John Rowley wrote to

his attorney on August 20, 1920: " The matter of a contest I leave entirely in your hands."

I can imagine a case where the citation, though properly served by publication and mailing, never was received by the party sought to be served because he was absent in a distant country and could not and did not receive notice until after the decree of probate. Such facts do not exist in the instant case. The presumption in favor of the regularity of judicial process should not be lightly disregarded. I have been unable to find a case anywhere where the excuse " I did not receive the citation or summons by mail " was offered and accepted as a reason for opening up a decree or judgment. A practice which would permit decrees to be opened from time to time on such an excuse would lead to intolerable consequences and dangers to judicial determinations. Opportunity would be offered, and in fact invited, for fraud to be practiced. The conclusiveness of surrogates' decrees, section 2550 of the Code, would be shallow indeed. In the instant case the attorney failed to suggest to his clients what he knew, namely, that the citation had issued and was returnable September 28, 1920. His oversight, or neglect, and his clients' statements that they failed to receive the citation are not sufficient causes, in my opinion, to open the decree of probate. No valid grounds of objections within my jurisdiction are presented, and the decree admitting the will to probate should not be set aside.

Under section 2763 of the Code of Civil Procedure, the Appellate Division is called upon on appeal to review this determination as if an original application were made to that court. *Matter of Shonts,* 229 N. Y. 374, 378.

Counsel opposed to the motion called for certain correspondence passing between Mr. Comfort and the

Appellate Term, First Department, February, 1921.    [Vol. 114.

moving parties hereto. They refused to produce the correspondence, but stipulated upon the record that the court should read the letters and insert in the record such part thereof as reflected upon the question involved. This I have done.

Motion denied.