In the Matter of the Estate of ANNA DREYER, Also Known as ANNA M. DREYER, Deceased.

Surrogate's Court, Bronx County, June 8, 1939.

*Elfers & Trebing*, for the petitioner.

*Jerome M. Hirsch*, for the State Tax Commission.

HENDERSON, S. So much of the petition as prays for an order refunding part of the estate tax alleged to have been erroneously paid, is denied without prejudice on the ground that this court has no jurisdiction to direct such a refund.

The prayer for other and further relief, however, will be considered as seeking the modification of the *pro forma* order dated January 22, 1938, and fixing, upon the tax appraiser's report, the estate tax herein, or of the later *pro forma* order made June 29, 1938, on motion to fix the estate tax on additional assets without the appointment of an appraiser. No appeal was taken from either order.

The Wartburg Orphans' Farm School of the Evangelical Lutheran Church makes the present application because its legacy was not included among the deductions from the gross estate in determining the taxable net estate, and because it, therefore, paid the estate tax on its legacy. This legacy became effective only in the event that the estate exceeds $250,000. It is conceded that this legatee is a charitable organization.

In the earlier proceeding before the appraiser, the executors included this legacy in Schedule K as a charitable bequest. The appraiser properly disallowed it because the evaluated assets did not produce a net estate of $250,000. There was no mistake either of fact or law, and the order entered on his report was correct. The executors had reported as assets in Schedule D-3 for information only, collateral bonds of one individual, stating that their value could not be determined at that time, and requesting permission " to submit a supplemental return if, as, and when any * * * shall have been reduced to an actual cash value." They were not evaluated by the appraiser, and he did not include them in computing the value of the gross estate.

Subsequently the estate claim on these collateral bonds was compromised for an amount which increased the net estate to more than $250,000, and the present petitioner became entitled to its legacy.

The executors then moved to fix the additional estate tax on these assets without the appointment of an appraiser. It does not appear that this legatee had any notice of such application. Deductions, as claimed by the executors, were allowed for additional

legal fees and disbursements, for additional commissions and for an additional assessment for State taxes on the decedent's income. No claim was made for an additional deduction on account of this charitable legacy. The *pro forma* order was entered in accordance with the amounts and statements set forth in the moving papers. Excluding from computation transfers outside the will and a deduction allowed for another charitable bequest, the papers submitted upon the motion to fix an additional tax, when read with the appraiser's report and the earlier order, disclose that the aggregate net estate, as reported and computed for taxation, exceeded $250,000.

Upon the subsequent judicial settlement of the executors' account a construction of the will determined that the testator intended to condition the legacy in question upon the amount of his net estate as computed without deduction of any Federal or State estate tax. No estate tax was deducted in either State estate tax proceeding. Stress is laid by counsel upon this construction as demonstrating that the appraiser erred in refusing to allow the legacy as a deduction. That point is groundless for the net estate as reported to him was less then $250,000, and the application of such construction to the facts before him would not have changed his report. If the compromised claim had proved worthless, the petitioner would not have been entitled to its legacy.

The only mistake in either proceeding was the neglect of the executors to set forth in the later proceeding the claim that the legacy had become valid by reason of the very asset then sought to be taxed, and that it should be considered as an additional deduction in computing the additional estate tax. That mistake or neglect was inadvertent. The amount of this charitable legacy is a proper deduction in the computation of the additional tax. The State has received a tax in excess of the amount prescribed by statute. Sufficient cause has been shown for the modification of the order fixing the additional estate tax. (Surr. Ct. Act, § 20, subd. 6.) In the exercise of my judicial discretion in the matter (*Matter of Townsend*, 215 N. Y. 442, 447; *Matter of Scrimgeour*, 175 id. 507), the order of June 29, 1938, will be modified in conformity herewith; and the motion is granted to that extent.

Settle order accordingly.