In the Matter of the Application of ARENAS H. ERNEST, as Executor, etc., of HENRY A. ERNEST, Deceased, for an Order to Sell the Real Property of Said Deceased, upon the Judicial Settlement of the Accounts of Said ARENAS H. ERNEST, as Such Executor. ARTHUR F. MEAL, Appellant; ARENAS H. ERNEST, as Executor, etc., of HENRY A. ERNEST, Deceased, and Others, Respondents.

Fourth Department, October 6, 1939.

*Fogle, Bedenkapp & Andrews*, for the appellant.

*Mortimer A. Federspiel*, for the executor-respondent. ⟩

*Lewis & Lewis*, for the legatees-respondents.

*Allan E. Disinger*, for the legatees-respondents.

*Stockwell, Campbell, Warren & Hooper*, for the judgment creditor-respondents.

DOWLING, J.   Henry A. Ernest died in Niagara county October 22, 1922, leaving a will which was probated in the Surrogate's Court of that county on December 12, 1922.   The testator was survived by his widow, a son and three daughters.   Letters testamentary were issued to the son, Arenas H. Ernest, who qualified and has since acted as the executor of said estate.   The testator owned a farm at the time of his death upon which he and his son had resided for many years.   Testator bequeathed and devised all of his property to his son, subject, however, to a life use to his widow and to legacies to his three daughters totaling $4,000, which legacies were made a lien upon said real property.

Upon the death of the testator the farm, which constituted all of his real property, was valued at $10,000 and was assessed for $7,400.   Upon the death of the widow on September 16, 1932, the value of the farm had shrunk to $2,500.   The assessed valuation had been lowered to $4,400.   The life tenant had permitted taxes amounting to $576.50 to accumulate and remain unpaid at the time of her death.   The funeral expenses of the testator have not been paid and only $300 has been paid upon the legacies.   There is no personal property available to pay either the funeral expenses or the legacies.

On the 4th of February, 1939, the executor filed a final account in the Surrogate's Court.   In a petition accompanying the account, the executor recited the facts relating to the farm property and the condition of the estate and prayed that a citation issue to all interested parties to show cause why a decree should not be made, directing the sale of the real estate for the payment of tax liens, legacies and expenses of administration and why the account should not be judicially settled.   Agreeable to the prayer of the petitioner, the surrogate accepted jurisdiction and ordered that a citation issue to all interested parties.   A citation was issued accordingly returnable February 18, 1939.   All the interested parties were served with citation and appeared on the return

thereof. Upon the return of the citation the allegations and proofs of the parties were heard and taken and, after due inquiry and without objection upon the part of any of the parties, the surrogate determined that a proper case had been made for the disposition of decedent's real property and the court made and entered an order directing that it be sold by the executor at public auction to the highest bidder for cash, and that the executor give notice of the sale. The executor published a notice of sale in a local paper as required by the decree of the surrogate, setting the time of sale for March 4, 1939, at two o'clock P. M. The executor attended the sale, offered the property for sale and sold it to Arthur F. and Bertha I. Meal for $2,600 in cash, they being the highest bidders upon the sale. The premises were sold free and clear of all liens and incumbrances but subject to the approval of the surrogate of Niagara county. The purchasers delivered a certified check to the executor for the amount of the purchase price in keeping with the terms of sale. The executor made a report of sale to the Surrogate's Court and, on due notice to all who had appeared and without objection on the part of any one, the surrogate made an order approving the sale and authorizing and directing the executor to execute and deliver a deed of the premises to the purchasers, Arthur F. and Bertha I. Meal. This order was entered in the office of the Surrogate's Court on March 11, 1939. No appeal was taken from either order. The proceeding was adjourned from March 11th to March 18th and then to March 25, 1939. On the latter date counsel for the executor and counsel for the Lockport Exchange Trust Company, a judgment creditor of one of the legatees, moved to vacate the order directing the sale and the order confirming the report of sale and all proceedings had thereunder. The motion was opposed by counsel for the purchasers, the legatees and some of the other interested parties. The record contains no motion papers and we may assume that the motions were orally addressed to the surrogate, at least the minutes contained in the record so indicate. Without disclosing any grounds for his decision the surrogate on April 8, 1939, made and entered an order directing that the order directing the sale, the order of confirmation and all proceedings thereunder be vacated and set aside. From this order Mr. Meal has appealed to this court.

At the outset appellant challenges the power of the surrogate to make the order appealed from. Generally the only power that a surrogate has to open, vacate, modify or set aside a decree of his court is found in subdivision 6 of section 20 of article 1 of the Surrogate's Court Act. This subdivision provides that the surro-

gate has power " To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to modify or resettle a decree or order of his court to conform its provisions to the decision in writing of the surrogate; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers." |*|

If the executor had applied under article 13 of the Surrogate's Court Act for an order to sell the decedent's real property to satisfy charges against the same and for disposition, the surrogate would have had no jurisdiction to entertain such a proceeding because of the valid power of sale given to the executor in the will before us. (Surr. Ct. Act,' art. 13, § 233.) We do not construe this proceeding as one under article 13 notwithstanding the recitation in the order directing the executor to sell to the effect " and that the proceedings herein have been in conformity with Article 13 of the Surrogate's Court Act." The facts and special circumstances recited in the petition were sufficient to confer jurisdiction on the surrogate under section 215 of article 12 of said act. The action taken by the surrogate on the presentation of the petition and the order made by him directing and approving the sale in question indicate quite clearly that the surrogate was proceeding under section 215 of article 12. Section 215 was designed to protect executors in the sale of real property where the circumstances were such that executors might need the advice and direction of the surrogate " as to the propriety, price, manner and time of sale thereof." Under the orders of the surrogate directing and approving the sale it is to be fairly inferred that the executor was to make the sale and to execute the conveyance to the purchasers pursuant to the power of sale contained in the will.

To warrant a surrogate in opening, vacating, modifying or setting aside a decree or order of his court, there must exist and be shown such a state of facts as would empower a court of record and of general jurisdiction to make such a decree or order under like circumstances. The record fails to disclose any grounds whatever which would have empowered a court of record and of general jurisdiction to make an order vacating and setting aside a sale under like circumstances. Hence the order vacating the order directing the executor to sell and the order confirming the sale and directing the giving of a deed to the purchasers was void for lack of jurisdiction and should be vacated.

The order appealed from should be reversed and the motion to vacate the decree directing sale and the order of confirmation should be denied, and the decree directing sale and the order of confirmation should be reinstated.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order reversed on the law, without costs of this appeal to any party, and motion denied, without costs, and decree directing sale and the order confirming the sale reinstated.