Kimball, J.
Jennie Stewart McGill, a resident of Canada, died on November 23, 1939. The appellant, Urbane A. Stewart, *282 was the duly qualified executor of her will which was probated in Canada. The testatrix left assets in the State of New York which were in the possession of Layton C. Vogel, an attorney. On December 4, 1942, Vogel was duly appointed ancillary administrator c. t. a. He filed an inventory showing assets in his hands as of the date of the testatrix’ death, in the amount of $13,569.01. The surety on his bond of $15,000 is the respondent, Maryland Casualty Company. Vogel died on October 17, 1947, before he had accounted as such ancillary administrator. His will was probated and letters testamentary were issued to Ida C. Vogel. The appellant, Stewart, commenced a proceeding in the Brie County Surrogate’s Court to compel Ida C. Vogel, as executrix of Layton C. Vogel, to make an accounting of Vogel’s proceedings as ancillary administrator of the estate of Jennie Stewart McGill. An order was made directing an account and an account was filed but the executrix of Vogel did not petition for a voluntary accounting so that the proceeding went to a decree as a compulsory accounting. It was, therefore, incumbent upon the appellant to bring into court the necessary parties to the proceeding. Appellant Stewart’s counsel requested a waiver of citation of the respondent, Maryland Casualty Company. A waiver and consent to a decree was delivered to appellant’s counsel and duly filed. Stewart, as executor of Jennie Stewart McGill, filed objections to the account. A hearing was had before the Surrogate who found that Vogel had comingled estate funds with his own and had converted them to his own use and his executrix was unable to account for the loss. The decree of judicial settlement charged Vogel’s estate with the amount of the inventory plus interest thereon and credited his estate with payments made to Stewart, certain interest and expenses, leaving a balance of $7,864.37 as a deficiency which the estate of Vogel, as ancillary administrator, and the surety were ordered to pay.
Upon receipt of a copy of the decree, the respondent surety petitioned the Surrogate’s Court for an order to show cause why the decree of judicial settlement should not be vacated and set aside, why respondent should not be relieved of its waiver and consent and why it should not be permitted to interpose an answer to the objections to the account. An order was made granting the relief asked for and it is from this order that the appellant appeals. There was no claim by respondent that there was any newly discovered evidence or clerical error and the Surrogate found no fraud as a basis for vacating the decree. The court held that the decree of judicial settlement should be set aside for “ other sufficient cause ”. (Surrogate’s Ct. Act, § 20, subd. 6.)
*283 Prior to receipt of a copy of the decree, the respondent surety company, did nothing to acquaint itself with the condition of its principal’s account nor to keep itself informed of the accounting proceeding except to inquire of objectant’s attorney as to when the matter would be closed. Appellant’s attorney, in his opposing affidavit, makes the uncontradicted statement that the representative of the surety company told him they had been unable to do anything about the matter with a representative of the ancillary administrator’s estate. The ground assigned by the surety for the relief which it obtained is that it “ was misled to its damage when it signed and delivered its waiver and consent of July 23, 1948, and when it was not advised of alleged irregularities in the account of the said Layton H. Vogel, and when it was not informed of objections made to said account, or of the taking-of testimony with respect thereto ”. Its position is that the attorney for the objectant was under some duty to keep it informed.
Whether the surety company was a necessary party on the compulsory accounting, under the present practice, does not have to be decided. It was in court by its waiver. Nor is it necessary to decide whether a surety has the right to interpose defenses to objections to an account which defenses have not been raised by the principal. (See Matter of Aquino, 186 Misc. 7, affd. 270 App. Div. 994.) It is sufficient to say that no decided case has been found which is authority for the proposition that, in the absence of fraud, misrepresentation, mistake, breach of duty, newly discovered evidence or clerical error, a surety duly in court, may vacate a decree of judicial settlement and relitigate the objections solely on the ground of its own carelessness, inadvertence and inattention after voluntarily having given a waiver and consent. The objectant and Ms attorney were under no duty of advising’ the surety company and there is here no “ other sufficient cause ” of like nature to fraud. To hold otherwise. would open the door to the extent that no decree of judicial settlement would be immune to vacation at the instance of a surety who neglected his duty of ascertaining and protecting his own rights. “ The courts strive to maintain the sanctity of decrees of the surrogate’s courts, especially those made in accounting proceedings. This policy is strictly followed and, except where the grounds set forth under section 20 of the Surrogate’s Court Act are shown to exist, decrees will not be vacated.” (1 Warren’s Heaton on Surrogates’ Courts, p. 787. See Matter of Brennan, 251 N. Y. 39; Matter of Ernest, 257 App. Div. 617; Matter of Thompson, 191 Misc. 168; Matter of *284 Rowley, 114 Misc. 375; Matter of Sielcken, 162 Misc. 54; Matter of Soule, 72 Hun 594; Matter of Waters, 183 App. Div. 840; Matter of Hermann, 178 App. Div. 182, affd. 222 N. Y. 564, and Matter of Peck, 131 App. Div. 81.)
The respondent relies upon Matter of Fuller (227 App. Div. 801, affd. 254 N. Y. 519). We distinguish that case on the facts. That case, in stating that a decree may be reopened or modified “ in the interests of justice ”, cited, as authority, Matter of Henderson (157 N. Y. 423.) The Henderson case was one of manifest clerical error in calculation. (See comment of O’Brien, J., on the decision in Matter of Henderson in his opinion in Matter of Brennan, supra, p. 42.)
We further think that there was no merit shown in the application to vacate the decree. The inventory still stands and there is no showing that the questions attempted to be raised by the proposed answer were not litigated and determined on the accounting proceeding as between the accountant and the objectant. For the reasons stated, we are of the opinion that the order of the Surrogate’s Court was erroneous and that it must be reversed and the application denied.
All concur. Present — Taylor, P. J., Love, Vaughan, Kim-ball and Piper, JJ.
Order reversed on the law and the facts, with $10 costs and disbursements and application denied, with $10 costs.