to any of the lienors after the application of said sum of $1,240. The contractor does not appeal.

The effect of this award of costs is to cause the said sum of $1,240 out of which the liens are to be paid to be absorbed before payment of the appellants' liens in the order of their priority. We entertain no doubt of the power of the referee to award costs payable out of said sum of $1,240. Section 3411 of the Code of Civil Procedure makes the question of costs discretionary with the court, and directs that the judgment shall specify to whom and by whom such costs shall be paid. The theory of the appellants seems to be that such costs should be paid by the owner. Doubtless there are cases where it would be equitable to charge the owner with the costs. Such were the cases of Kenney v. Apgar, 93 N. Y. 539, and Wheeler v. Scofield, 67 N. Y. 311, cited by appellants. There the owners were the litigating defendants, and were defeated in the litigation. Here the owner litigated nothing, but admitted liability and offered to pay the amount due on the contract according to the direction of the court. It would have been unjust and inequitable under such circumstances to charge the owner with costs.

Criticism is also made of the award of costs to the defendants. Where a defendant lienor takes no active part in the action, save to make proof of his lien or to observe some other formality, he should not, as a general rule, be awarded costs. In this case we have not been supplied with the pleadings or evidence, save that a brief synopsis of the pleadings is given. We are unable to say just what attitude the several defendants assumed at the trial, or whether they raised or litigated any question. We cannot assume that the discretion of the referee in awarding costs to the defendants was improperly exercised.

The judgment should be affirmed, with costs. All concur.

---

## In re BODINE.

(Supreme Court, Appellate Division, Second Department. May 3, 1907.)

1. ADMINISTRATORS—ACCOUNTING—OPENING AND REVIEW—STATUTORY PROVISIONS.

Code Civ. Proc. § 2481, authorizes the surrogate to set aside a decree of his court for fraud, newly discovered evidence, clerical error, or other sufficient cause. A proceeding for accounting of an administrator resulted in a referee's report, and a decree confirming it, which charged the administrator with a certain sum. He was given notice of all the proceedings and appeared before the referee. He was served with notice of the entry of the decree, and after the time to appeal had expired a motion was made, resulting in an order vacating the decree and referring the matter back to the referee on the grounds that contestants were guilty of laches and as a result thereof the administrator was not now able to exculpate himself, and that at some stage of the proceeding the next of kin had agreed to abandon their claims. *Held*, that the surrogate had no power to vacate the decree on the grounds stated.

2. SAME—ORDER SETTING ASIDE DECREE.

Where there was error in the proceedings had before a referee appointed by the surrogate, the place to urge it was before the surrogate on the application to confirm the referee's report, and the further remedy was

by appeal, rather than by an order setting aside the decree allowing the report and referring the matter back to the referee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2201.]

Appeal from Surrogate's Court, Richmond County.

Final accounting of Albert Bodine, administrator of the estate of Mary A. Bodine, deceased. From an order vacating a decree allowing the administrator's account and referring the matter back to the referee, Duncan McGibbon and others appeal. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Alfred G. Reeves (Harold Swain, on the brief), for appellants. Henry J. McCormick, for respondent.

MILLER, J. This proceeding, the ordinary accounting of an administrator, was begun in 1879 by the filing of the administrator's account and objections thereto. After many protracted adjournments and various substitutions of attorneys and referees, it resulted in a referee's report, and a decree confirming it, entered June 21, 1899, by which the administrator was charged with the sum of $58,244.31. All proceedings were had on notice to the administrator, and he appeared in person and by attorney before the referee, whose report was confirmed as aforesaid. He was served with notice of the entry of said decree, and after the time to appeal from it had expired the motion was made by him and one of his sureties, resulting in the order appealed from, which vacated said decree and referred the matter back to said referee for further hearing and determination. The grounds for the motion stated in the moving affidavits are that the contestants have been guilty of laches in not pressing the issue to a speedy determination; that as a result of the various delays and substitutions many of the administrator's books, vouchers, and papers have been lost, so that he cannot now, as he says, "exculpate himself"; and that at some stage of the proceeding the administrator's counsel stated that the next of kin had agreed to abandon their claims.

Section 2481 of the Code of Civil Procedure specifies the grounds upon which the surrogate may make such an order, to wit: "Fraud, newly discovered evidence, clerical error, or other sufficient cause." It is not pretended that there was any fraud, that any new evidence has been discovered, that any clerical error was committed, or that any like cause existed for granting the motion; and it is plain that the words "other sufficient cause" must have an "ejusdem generis" interpretation. It is not necessary to cite authorities upon the proposition that said section cannot possibly be construed so as to include any of the alleged grounds of this motion. The respondents' brief treats the order as one opening a default; but, if there was a default, it was willful. Said administrator, after appearing before the referee as aforesaid and while being examined as a witness, refused to submit to further examination and abandoned the proceedings. It is asserted that the proceeding was barred by the statute of limitations; but, however dead it may have appeared at times, it had sufficient life at all times to be resurrected.

The only other ground urged on the brief is that the referee acted upon proof that he had no right to consider. It is not shown that there is the slightest merit in any of the contentions I have enumerated; but, if there were, the place to urge them was before the referee and the surrogate on the application to confirm the report, and, if error was committed, the remedy was by appeal. The surety is not entitled to intervene now to reopen the proceedings and start a new series of delays. He was not entitled to notice of the proceedings leading up to the decree, and in the absence of fraud is bound by it.

Our conclusion is that, upon the case presented, the surrogate had no power to grant the order appealed from; and it should be reversed.

Order of the Surrogate's Court of Richmond county reversed, with $10 costs and disbursements. All concur.