### BIEBER v. GOLDBERG et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

1. DEPOSITS IN COURT—EFFECT—TENDER.

Where, in a suit to foreclose a mortgage for nonpayment of an installment and interest, defendant G., before summons and complaint served, tendered an amount equal to two installments and interest, which was refused, and thereupon paid the amount so tendered into court and pleaded the tender, the payment of the installments into court should be regarded as made to make good the plea of tender before suit brought.

2. SAME—AUTHORITY TO WITHDRAW.

Where, in a suit to foreclose a mortgage, defendant G. paid into court the sum of two installments and interest to make good an alleged tender before suit brought, the money became the property of complainant in any event, so that complainant was entitled to an order withdrawing the amount on account of the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deposits in Court, § 11.]

Appeal from Kings County Court.

Suit by Gerson Bieber against Lewis Goldberg and others. From an order denying an application by complainant to withdraw certain moneys on account of the action deposited with the city chamberlain of the city of New York, complainant appeals. Reversed. Order granted.

The action was brought by complainant to foreclose a mortgage covering certain premises for nonpayment of an installment of $200 due on July 1, 1906, and accrued interest. The complaint alleged a default in the payment of one installment. Before service of the summons and complaint in the action, defendant Lewis Goldberg tendered $466, which consisted of two installments due under the terms of the mortgage, and accrued interest, which complainant refused to accept. After the tender, the summons and complaint were served, and then defendant Goldberg answered and alleged as a separate defense the tender of the first installment, and also the tender of the

sum of $466 before suit, complainant's refusal to accept, defendant's readiness to pay the sum tendered at all times, etc., and on January 29, 1907, Goldberg procured an order permitting the payment of the $466 into court, after which complainant applied for an order directing the city chamberlain to pay to him or his attorney the sum so deposited "on account of the above-entitled action," which application was denied.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

M. H. Newman, for appellant.
Aaron A. Feinberg, for respondents.

JENKS, J.   The parties do not agree whether the second installment was in fact tendered before the suit was begun, and the record is not clear upon this point.   Yet I think that we must regard the purpose of the payment of the sum of the two installments into court was to make good the plea of tender before the suit was brought, within the rule of Platner v. Lehman, 26 Hun, 374, and of Wilson v. Doran, 110 N. Y. 101, 17 N. E. 688.   See, too, Nichols' New York Practice, p. 2008, and cases cited.

If the defense of tender of amount due before action brought was established, the plaintiff could not take his decree of foreclosure, but only a money judgment against the defendants, less the defendants' costs.   McCoy v. O'Donnell, 2 Thomp. & C. 671, affirmed 59 N. Y. 656.   The money paid into court belongs to the plaintiff in any event. His claim as to that amount is deemed stricken from the complaint, and hence, if the plaintiff's cause of action is based wholly upon the nonpayment of that sum, and limited thereto, he must fail.   Wilson v. Doran, supra, at page 107 of 110 N. Y., 17 N. E. 688.

I think that the plaintiff was entitled to the order, and that the order of the County Court of Kings County must be reversed, with $10 costs and disbursements.   All concur.