tions with them whatever, except the authority to buy these goods. Nowhere in the evidence is disclosed what the nature of George Becket's business was. It seems to be established that in the month of July, 1907, at any rate, he was in Havana, Cuba, where is located the business of the Zarraga Company. On the 10th of that month that company addressed a letter to him as follows: "George Becket, Esq., City—Dear Mr. Becket: Since you are going to New York, and having decided to purchase a set of centrifugals for the Estate Adela, I wish that you order for our account and to be shipped by one of Munson's steamers to Caribarien: [Here follows a description of the machinery desired.] Upon receipt of your notice we will instruct our bankers, Messrs. Muller, Schall & Co., to pay the amount against shipping document as usual." This letter merely indicates plaintiff's intestate was in Havana at the time it was written and was going to New York City, but constitutes no evidence whatever that intestate was in the employ, as servant, agent, or otherwise, of the intending purchasers. The presumption must, of course, be indulged, if the circumstances permit, that the conduct of the intestate in agreeing to accept 5 per cent. commission upon this purchase, as he later did when he went to New York and made it, was innocent, rather than a breach of the duty of fidelity which he would have owed to the purchasers, had he been their agent. The evidence is just as susceptible of the conclusion that the intestate was the broker engaged in making purchases of this sort, where his compensation was to be obtained from the purchase price itself, as that he maintained relations toward the purchaser which would be violated by his receiving compensation in that way. It is hardly necessary to suggest that the evidence must be clear, and not doubtful, or left to surmise, upon which it is sought to charge an agent, whether regularly or merely temporarily in the employ of another, with a betrayal of his principal's interests. Such evidence in this case is wholly wanting, and the judgment must be affirmed, with costs.

**BEDELL v. EMPIRE STATE SURETY CO.** (Supreme Court, Appellate Division, Second Department. November 20, 1908.) Action by Augustus C. Bedell against the Empire State Surety Company.

PER CURIAM. Defendant's exceptions overruled, and judgment directed to be entered in favor of the plaintiff, with costs.

GAYNOR, J., taking no part.

**BEEVER, Respondent, v. GRANTIER, Appellant.** (Supreme Court, Appellate Division, Fourth Department. December 4, 1908.) Action by William Beever against Jesse L. Grantier as executor, etc. No opinion. Judgment affirmed, with costs.

**BIEBER, Appellant, v. GOLDBERG et al., Respondents.** (Supreme Court, Appellate Division, Second Department. December 3, 1908.) Action by Gerson Bieber against Lewis Goldberg and others. No opinion. Order of the County Court of Kings county reversed on ar-

gument, without costs. See, also, 120 App. Div. 457, 104 N. Y. Supp. 1080.

**BITTMAN, Respondent, v. DUCKWORTH, Appellant.** (Supreme Court, Appellate Division, Second Department. November 20, 1908.) Action by Fred. Bittman against Walter F. Duckworth. No opinion. Motion granted, with costs.

In re **BOARD OF EDUCATION.** (Supreme Court, Appellate Division, Second Department. December 3, 1908.) In the matter of the application of the board of education, etc., relative to acquiring title to land situate on Prospect Place and Park Place, west of Nostrand avenue, Twenty-Fourth ward, borough of Brooklyn, city of New York. No opinion. Report of referee confirmed, without costs.

In re **BOARD OF EXAMINERS.** (Supreme Court, Appellate Division, Fourth Department. December 4, 1908.) In the matter of the appointment of a board of examiners to examine into the operation of the jury system in the county of Erie, created by chapter 369, p. 188, of the Laws of 1895. Ordered that the following named lawyers, practicing in the county of Erie, be appointed an examining board, pursuant to section 9 of said act, to examine into the operation of the jury system in said county, and to report the result of such examination to this court: Daniel J. Kenefick, George B. Burd, and Williams Palmer.

In re **BOARD OF RAPID TRANSIT RAILROAD COM'RS FOR CITY OF NEW YORK.** (Supreme Court, Appellate Division, Second Department. December 3, 1908.) In the matter of the application of the Board of Rapid Transit Railroad Commissioners for the city of New York for the appointment of three commissioners to determine and report whether a rapid transit railway or railways for the conveyance and transportation of persons and property, as determined by the board, ought to be constructed and operated. Brooklyn, Manhattan & Long Island City Route. No opinion. Motion to abrogate granted, without costs.

In re **BODINE.** (Supreme Court, Appellate Division, Second Department. December 3, 1908.) In the matter of the accounting of Albert Bodine, administrator of the estate of Mary A. Bodine, deceased. No opinion. Motion denied, without costs. See, also, 119 App. Div. 493, 104 N. Y. Supp. 138.

**BOND v. ERIE R. CO.** (Supreme Court, Appellate Division, First Department. December 11, 1908.) Appeal from Special Term. Action by Ida M. Bond against the Erie Railroad Company. From an order allowing plaintiff to serve an amended complaint, defendant appeals. Modified and affirmed. Ogden J. Mills, for appellant. George H. Mitchell, for respondent.

PER CURIAM. The order appealed from should be modified, so that the second clause of said order should read: "Ordered that the cause retain its place upon general calendar