Decision accordingly.

---

BODINE v. WILLIAMSON et al.

(Supreme Court, Appellate Division, Second Department. November 24, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 509*)—SURETIES—SETTLEMENT—ACTION TO VACATE.

A surety on the official bond of an administrator, or one standing in the position of such surety, cannot maintain a suit to set aside the decree of a Surrogate's Court of competent jurisdiction, settling and passing the administrator's accounts, in the absence of fraud inducing such decree.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2207; Dec. Dig. § 509.*]

2. EXECUTORS AND ADMINISTRATORS (§ 509*)—ACCOUNTING—NEXT OF KIN.

There is no relation of trust and confidence between an administrator and the next of kin, so as to impose on the latter any obligation to reveal

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the administrator facts which would result in relieving him from certain charges in his accounts.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 509.*]

3. INJUNCTION (§ 26*)—ADEQUATE REMEDY AT LAW.
Where it was claimed that a transfer of the interest of certain next of kin was champertous, such claim was available as a defense to an action on the claim by the transferee; and hence a separate suit in equity was not maintainable to restrain the prosecution thereof for that reason.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 35; Dec. Dig. § 26.*]

Appeal from Special Term, Richmond County.

Action by William H. Bodine, by his guardian ad litem, Charles F. Swan, against Joseph T. Williamson and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

J. Aspinwall Hodge (William Allaire Shortt, on the brief), for appellant.

Benjamin N. Cardozo (Harold Swain and Alfred G. Reeves, on the brief), for respondents.

BURR, J. The statute provides that a complaint must contain "a plain and concise statement of the facts constituting each cause of action without unnecessary repetition." Code Civ. Proc. § 481, subd. 2. The complaint in this action covers 26 printed pages, and consists of 45 separate paragraphs. The complaint in another action, which covers 18 printed pages, is annexed, with a general allegation that a large number of the allegations contained in that complaint (which allegations are specified) are also true. The purpose is to incorporate these as additional allegations in this complaint. This pleading, which contains probative facts, evidentiary facts, conclusions of fact, and conclusions of law, commingled in almost inextricable confusion, has been attacked by a demurrer upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer has been sustained at Special Term, and from the interlocutory judgment entered upon its decision this appeal is taken.

A careful and painstaking examination and analysis of this complaint leads us to conclude that but two questions are involved:

First. May a surety upon the official bond of an administrator, or one standing in the shoes of such surety, maintain an action setting aside the decree of a Surrogate's Court of competent jurisdiction, settling and passing such administrator's accounts, in the absence of fraud leading up to such decree? This court has answered this question in the negative. In re Bodine, 119 App. Div. 493, 104 N. Y. Supp. 138. See, also, Deobold v. Opperman, 111 N. Y. 531, 19 N. E. 94; Kelly v. West, 80 N. Y. 139.

Second. Does the complaint contain any allegation of fraud leading up to the decree, which would entitle the plaintiff to relief? Constru-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing the allegations of the complaint most favorably to the pleader, they are reduced to this: The administrator charged himself in his inventory and in his accounting, and was charged by the decree, with two items with which the plaintiff now says he should not have been charged, because, strictly speaking, the property represented thereby had never actually come into his possession. As to one of these, at least, it may be a sufficient answer to say that it was his duty to have taken possession of the property and reduced it to cash, and if he failed to do so he might properly be charged with the value thereof. But there is no suggestion that all of the facts in connection with these matters were not fully known to the accounting administrator at the time.

It is claimed that through his own carelessness, or the carelessness or incompetence of his counsel, they were not presented to the Surrogate's Court, and it is urged that, as the next of kin also knew of these facts, they should have seen to it that, notwithstanding the omissions or neglect of the administrator, such evidence was introduced to protect him from an erroneous decree. When parties are dealing, as they were in that case, at arm's length, and there is no relation of trust and confidence between them, there is no obligation upon either party to reveal to his adversary the infirmities in his own case, or to supply omissions and deficiencies in his adversary's case. Ward v. Town of Southfield, 102 N. Y. 292, 6 N. E. 660.

There is a further claim that the transfer of the interest of some of the next of kin of Bodine's intestate to the City Equity Company is champertous. It appears that there is already pending an action by the said company to enforce the claims, of which it is the assignee. One of the purposes of this action is to enjoin the prosecution of it. If the agreement of transfer is champertous, it may be set up as a defense in that action. It is improper to call on a court of equity in a separate action to restrain the prosecution of it. Pond v. Harwood, 139 N. Y. 111, 34 N. E. 768.

The interlocutory judgment appealed from should be affirmed, with costs. All concur.