Matter of the Estate of SOLOMON ISAACS, Deceased. (No. 2.)

(Surrogate's Court, New York County, April, 1918.)

Accounting — when decree judicially settling account of administrator will not be set aside — affidavits — wills — evidence.

The surrogate is not warranted in setting aside a decree judicially settling the accounts of an administrator merely upon an unsupported affidavit that the decedent left a will, which affidavit was made by a person who theretofore filed an affidavit in the court alleging that decedent did not leave a will.

A decree settling the accounts of an administrator will not be set aside and the accounting reopened unless the script purporting to be decedent's last will and testament is satisfactorily proved and established as his last will.

APPLICATION to vacate a decree judicially settling the accounts of an administrator.

O'Gorman, Battle & Vandiver (James A. O'Gorman, of counsel), for Beatrice E. Isaacs.

Stanchfield & Levy (George L. Ingraham, of counsel), for Alfred F. Isaacs.

FOWLER, S. An order was issued out of this court directing Beatrice E. Isaacs, individually and as executrix of the last will and testament of Jeanne F. Isaacs, to show cause why an order should not be made vacating and setting aside the decree of this court entered June 30, 1916, and reopening all the prior proceedings had herein. The order was made upon the petition of Alfred F. Isaacs, and the decree sought to be vacated is the decree which judicially settled his account as administrator of the estate of the deceased.

In support of his application the petitioner alleges that his father, Solomon Isaacs, died on the 25th of August, 1915; that a few days after his father's death he found a paper in his handwriting purporting to be his last will and testament, and that this paper contained a direction that no part of his estate should be given to his wife, except the proceeds of a certain life insurance policy. The petitioner further alleges that he felt it would cause his mother suffering and anguish if the will were probated, and he therefore suggested to his mother, Jeanne F. Isaacs, and his sister, Beatrice E. Isaacs, that they divide the estate in accordance with the provisions of the will, that the will should not be probated, but that the estate should be administered in the Surrogate's Court as if the deceased had died intestate. He further alleges that in accordance with this understanding an agreement was entered into between himself, his mother and his sister providing for the division and distribution of the estate of the deceased in accordance with the terms of the paper

Misc.] Surrogate's Court, New York County, April, 1918.

purporting to be his will; that thereafter he applied to this court for letters of administration upon the estate of the deceased, was duly appointed administrator, and conducted the transfer tax proceedings and all other proceedings in this court as if Solomon Isaacs had died intestate. He further alleges that his mother, Jeanne F. Isaacs, died in May, 1916, and that letters testamentary on her estate were granted to his sister, Beatrice E. Isaacs; that on July 10, 1916, Beatrice E. Isaacs signed a document acknowledging that she had received from the administrator one-third of the estate of the deceased, and that on the same day she signed a document as executrix of the estate of her mother acknowledging that she had received one-third of the estate of the deceased. It is conceded, however, by the petition, that Beatrice E. Isaacs did not either individually, or as executrix, receive the property mentioned in the receipts.

The petitioner and Beatrice E. Isaacs, individually and as executrix, subsequently filed in this court a consent that the administrator pay to them their respective shares of the estate in kind, and a decree was duly entered on June 30, 1916, providing for such payment and distribution. On or about January 7, 1918, Beatrice Isaacs demanded that the petitioner as administrator of the estate of the deceased, assign and deliver to her her share of the estate in accordance with the provisions of the decree entered by this court, and upon his alleged failure to comply with her demand she commenced a proceeding to punish him for contempt. Upon these facts he now asks the court to vacate the decree which judicially settled his account as administrator and to reopen the accounting proceeding.

The jurisdiction of the surrogate to set aside a decree of his court is derived from subdivision 6 of

Surrogate's Court, New York County, April, 1918. [Vol. 103.

section 2490 of the Code. That subdivision provides that a surrogate may " open, vacate, modify, or set aside, a decree or order of his court * * * for fraud, newly discovered evidence, clerical error, or other sufficient cause." The papers submitted by the petitioner do not show that any fraud was perpetrated upon him. The only evidence of fraud that appears in the papers is that practiced upon the court by the petitioner. He filed an affidavit in this court for the purpose of obtaining letters of administration upon the estate of the deceased, and alleged in that affidavit that the deceased died without leaving any last will and testament. He filed an affidavit in the transfer tax proceeding and alleged that the estate of his father passed under the intestate laws of the state of New York, and he had an order entered assessing a tax upon that basis of distribution. Assuming the truth of the allegations made in the moving papers herein, the petitioner knew at the time he filed those affidavits that the deceased had left a will; he had already arranged for the distribution of the property in accordance with the terms of the alleged will. The court on this application cannot concern itself with the motive which prompted him to make an application for letters of administration upon the estate of the deceased; the fact is that he made an affidavit which he knew to be false, and that he continued to deceive the court from the time he applied for letters of administration until the entry of the decree judicially settling his account as administrator.

The petition does not allege the existence of newly discovered evidence, or that any clerical error was made in the preparation of the decree. There remains only the question whether there is " other sufficient cause " in the moving papers to warrant the court in vacating the decree.

It has been said that the words " other sufficient cause " must have an *ejusdem generis* interpretation; that they mean causes of like nature with those specifically named. *Matter of Tilden,* 98 N. Y. 434; *Matter of Bodine,* 119 App. Div. 493; *Matter of Hermann,* 178 id. 191. In *Matter of Townsend,* 215 N. Y. 442, the court said: " The petition did not allege fraud, newly discovered evidence or clerical error. Did it allege ' other sufficient cause'? That question was one addressed to the judicial discretion of the surrogate, and he determined * * * that the facts stated did not constitute sufficient cause." The only allegation in the petition which could be construed to be embraced within the signification of the words " other sufficient cause " is that the deceased left a will. But this allegation is made by the person who heretofore filed an affidavit in this court alleging that the deceased did not leave a will, and it is not supported by any corroborative proof. The proceedings in connection with the administration of the estate have been regular on their face, and, until it is proved to the satisfaction of the court that the deceased left a valid will, the decree granting letters of administration upon his estate and the decree judicially settling the account of the administrator are valid and conclusive against every person of whom jurisdiction was obtained. The surrogate would not be warranted in setting aside the decree judicially settling the account of the administrator merely because it is now alleged that the deceased left a will. The script purporting to be his last will must be satisfactorily proved and established as his last will before the administration proceedings will be set aside. The application to vacate the decree on accounting is therefore denied.

Application denied.