Matter of the Estate of LOUIS H. SEVERANCE, Deceased.

(Surrogate's Court, New York County, April, 1919.)

Surrogates — powers of — Code Civ. Pro. § 2490(6) — transfer tax.
Surrogate's Court — when motion to set aside order directing that citation issue to nonresidents denied — appeal — pleading — Code Civ. Pro. § 2518.

Where no appeal has been taken from an order fixing a transfer tax, it may be opened and set aside under section 2490(6) of the Code of Civil Procedure, although more than four years have elapsed since the order was entered in due course of procedure.

An application by the state comptroller to vacate an order assessing a transfer tax and for a new trial is in effect a continuation of the proceeding originally instituted by the administrator to have such tax assessed, and such application is properly made by petition under section 2518 of the Code of Civil Procedure.

Where the order granted on such a petition directing that a citation issue to the persons therein named, who were non-residents, and that personal service without the state be made upon them, one of whom was the son of the decedent and his administrator, was in accordance with statutory requirements, a motion to set aside said order, the citation and the service thereof will be denied.

Where, though decedent's son was not designated as administrator in said petition, the citation was directed to him as such, and it is apparent from the allegations of the petition, the order that the citation issue, and the recitals of the order as to the service without the state, that the citation was intended for decedent's son as administrator, and that said order described him with sufficient accuracy and precision, service of the citation in compliance with the order gave him the necessary notice of the application made by the state comptroller.

MOTION to vacate and set aside an order directing service of a citation without the state. ·

William W. Wingate, for state comptroller.

Sullivan & Cromwell (Alfred Jaretski and Ralph Royall, of counsel), for the respondents John L. Severance and Elizabeth S. Prentiss (formerly Allen).

FOWLER, S. This is a motion to vacate and set aside an order of this court, dated the 14th day of June, 1918, which directed that the service of a citation without the state be made by delivering a copy thereof to John L. Severance and Elizabeth S. Allen, the persons named therein, and to vacate and set aside the citation and the service thereof in pursuance of such order. The motion is made by attorneys who appear specially for John L. Severance and Elizabeth S. Allen (now Prentiss) for the purpose of the motion only. They contend that this court has no jurisdiction to grant the relief asked for in the petition upon which the citation was issued; that this court has no jurisdic-

Surrogate's Court, New York County, April, 1919.    [Vol. 106.

tion to issue a citation upon such a petition and direct its service outside the state of New York; that the citation directed to John L. Severance, as administrator, is invalid, because neither the petition nor the order directing the service of citation named " John L. Severance as administrator " as a party to the proceeding, while the citation itself is directed to " John L. Severance as administrator.''

The petition upon which the citation was issued was made by the comptroller of the state of New York, and the relief for which he prayed was that the order of this court assessing a tax upon the estate of the decedent herein be vacated and set aside, and that an appraiser be designated to reappraise certain assets of the estate, which he alleged were undervalued in the original tax proceeding. From the allegations of the petition and the records of this court it appears that the decedent died on the 25th of June, 1913, a resident of the county of New York, and that letters of admininstration upon his estate were granted by this court to his son, John L. Severance; that subsequently a proceeding was brought to assess a tax upon his estate in accordance with the provisions of the Tax Law of this state, and that John L. Severance and Elizabeth S. Allen, his only next of kin, voluntarily appeared before the transfer tax appraiser and signed an instrument by which they waived notice of the proceeding to determine the transfer tax upon his estate. The administrator, John L. Severance, executed several affidavits in this county in connection with the appraisal of the estate by the transfer tax appraiser; he also verified in this county the schedules of assets and liabilities submitted to the appraiser. An order assessing a tax upon the estate of the decedent was made by this court on December 4, 1913. No appeal was taken from the order. The petition of the state comptroller to open and set aside the order fixing the

tax was filed on June 14, 1918, and on that day an order was made by the court directing that a citation issue to "John L. Severance, administrator of the above named decedent's estate, and Elizabeth S. Allen," and a citation was issued accordingly. As the administrator and all the next of kin of the decedent reside in Cleveland, Ohio, the state comptroller asked for an order directing that the citation be served on them without the state in accordance with the provisions of section 2526 of the Code, and the application was duly granted. The citation was served personally on John L. Severance in the state of Ohio, and subsequently a supplemental citation was issued which was served on Elizabeth S. Allen (now Prentiss) within the county of New York.

The first question presented by the motion is whether this court has power to open its order, entered more than four years before, and to grant a reappraisal of the assets of decedent's estate. It seems to me that, irrespective of what the decisions of the federal courts may be in relation to opening their decrees, or what the decisions of sister states may be in relation to vacating judgments of their courts, the right of a surrogate's court of this state to open and vacate its decree, although more than two years have elapsed since the entry of such decree, is no longer open to discussion or argument. Section 2490, subdivision 6, of the Code authorizes the surrogate "to open, vacate, modify or set aside, or to enter as of a former time a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause." This power has been exercised by the surrogates of this state on many occasions, and their right to exercise the power has been upheld by the appellate courts. In *Matter of Henderson,* 157 N. Y. 423, it was held that a surro-

gate may vacate his decree in the furtherance of justice, although more than two years have elapsed since the entry of the decree, and that the time when and the circumstances under which the power may be exercised are questions addressed to the court in which the application is made. This authoritative decision has been followed in a large number of other cases in this state. *Matter of Coogan,* 162 N. Y. 613; *Matter of O'Berry,* 179 id. 285; *Matter of Morgan,* 215 id. 703; *Matter of Scott,* 208 id. 602; *Matter of Backhouse,* 110 App. Div. 737; *Matter of Weiler,* 139 id. 905. The right of the Surrogate's Court to vacate its decree, to consider newly discovered evidence and make a new decision based on such evidence, was sustained in *Matter of Willets,* 119 App. Div. 119; affd., 190 N. Y. 527. It is therefore apparent that the surrogate has jurisdiction to vacate or modify his decree, although more than two years have elapsed since its entry, and to grant a new trial on the ground of fraud or newly discovered evidence.

The next question presented by the motion is whether the surrogate has power upon such an application to make an order directing the issuance of a citation and providing for the service of such citation upon necessary parties who reside without the state. The persons affected by the order sought to be opened are entitled to notice of the application to reopen it. The Tax Law does not prescribe the notice to be given in such cases. Neither does the Code of Civil Procedure. Section 1287 of the Code provides that notice to set aside a final judgment must be given to the adverse party, and it further provides that in certain cases such notice may be served upon the attorney of record of the party. It does not state how the notice shall be given or prescribe how service shall be made. It would seem, therefore, that the only essential requirement is that notice be given to the parties who would be

affected by the opening or modification of the decree.
But the notice to be given of an application to vacate
a decree and grant a new trial is essentially different
from the process issued by a court upon the initiation
of a proceeding for the purpose of giving the court
jurisdiction.  The application made by the state comp-
troller to vacate the order assessing a tax upon the
estate of the decedent is not the initiation of a new
proceeding, but is in effect a continuation of the pro-
ceeding originally instituted by the administrator to
assess a tax upon the estate.  It is not an original pro-
ceeding in which this court is attempting to obtain
jurisdiction over the persons of decedent's next of kin.
In the original proceeding brought to assess a tax
upon the estate of the decedent this court had jurisdic-
tion, because the decedent at the time of his death was
domiciled in this state and was a resident of this
county.  It was not then necessary, in order to confer
jurisdiction upon the court, that the non-resident next
of kin should be served with process of the court; they
were entitled only to notice of the proceeding brought
to appraise the estate and assess a tax upon it, and
such notice would have been sufficient if it were sent
to them by mail.  Tax Law, § 230.  But the adminis-
trator and the next of kin voluntarily submitted them-
selves to the jurisdiction of this court and waived
notice  of  the  appraisal.  The  jurisdiction  thus
acquired is not lost by the court immediately upon the
entry of an order assessing a tax upon the estate, but
continues for the purpose of any subsequent proceed-
ing having for its object a modification of the order.
Jurisdiction once obtained continues for all purposes
incident to the complete determination of the questions
raised in the original proceeding.  If this were not so, a
non-resident to whom letters testamentary were issued
by this court upon the estate of a resident decedent,
and who appeared before the tax appraiser for the

purpose of appraising the estate and assessing a tax upon its transfer, and fraudulently concealed assets from the appraiser, could thereafter prevent a modification of the order by remaining outside the state; and such an executor or administrator could effectually evade the Tax Law by removing the property outside the state or distributing it among the non-resident next of kin before the mistake or misrepresentation was discovered by the state comptroller.

The proceeding to assess a tax upon the transfer of property is necessarily a proceeding *in rem.* This court has jurisdiction to assess such tax where a decedent had his domicile in this state and died within this county. It has also jurisdiction to assess a tax where the decedent was a non-resident, but left real estate or certain personal property in this county. In the case of real estate the *res* is here and subject to the jurisdiction of the court; in the case of certain personal property the state has dominion over the property and therefore has power to tax it. *Blackstone* v. *Miller,* 188 U. S. 189. In the matter now under consideration the court had jurisdiction to assess a tax upon the estate of the decedent because he had his domicile in this state and was a resident of this county at the time of his death. It did not lose jurisdiction because an order assessing a tax upon the estate was entered, and the administrator, without a decree of this court, distributed the estate among non-resident next of kin. It did not originally acquire jurisdiction to assess a tax upon the estate of the decedent because of the voluntary appearance of the administrator or the next of kin before the transfer tax appraiser, as such jurisdiction was derived from the fact that the decedent had his domicile in this state and resided in this county at the time of his death; and it does not now require their voluntary appearance before it or the service of its process on them without the state in

order to give it jurisdiction to make such other and further order in relation to the taxation of the estate as justice requires. They are entitled to notice of the application, but such notice need not necessarily be in the form of a citation; it is sufficient if it gives them an opportunity to question the sufficiency of the papers upon which the application is made, or the valuation placed on the property, or the amount of tax imposed on its transfer. *Matter of McPherson,* 104 N. Y. 306; *Hagar* v. *Reclamation District,* 111 U. S. 701. It seems to me, therefore, that the jurisdiction obtained by this court in the original transfer tax proceeding to assess a tax on the estate of the decedent continues not only as to the *res,* but also as to all parties of whom the court obtained jurisdiction at that time, whether by voluntary appearance or otherwise, until the final determination of the proceeding.

The moving parties also contend that as the citation was directed to " John L. Severance, as administrator," while the petition of the state comptroller did not designate him as administrator, the citation as to him is invalid. The petition of the state comptroller alleged that letters of administration upon the estate of the decedent were issued by this court to John L. Severance, of Cleveland, Ohio; it also alleged that John L. Severance, a son of the decedent, and Elizabeth S. Allen, and Sullivan & Cromwell, attorneys for the administrator, were the only parties interested in the proceeding. The order made in accordance with the prayer of the petition directed that a citation issue to " John L. Severance as administrator of the above named decedent's estate, and Elizabeth S. Allen, they being all the parties interested herein." The citation was directed to " John L. Severance, administrator of the goods, chattels and credits which were of Louis H. Severance, and Elizabeth S. Allen, now Prentiss." In the preliminary part of the order directing the service

{     Surrogate's Court, New York County, April, 1919.     [Vol. 106.

of a citation it is alleged that it appears to the satisfaction of the surrogate that the said John L. Severance, as administrator, and Elizabeth S. Allen are residents without the State of New York, and the order directed that " service of the above named citation upon the said John L. Severance and Elizabeth S. Allen be made by delivering a copy of the citation to the persons cited." It seems to me that it is apparent from the allegations in the petition, the order directing that a citation issue, and the recitals in the order directing service of citation without the state, that the citation was intended for John L. Severance, as administrator, and that the order directing service of the citation describes him with sufficient accuracy and precision. The motion is therefore denied upon this point.

The proceeding brought by the state comptroller to open the order fixing tax and for a new trial was properly commenced by a petition and citation. Code Civ. Pro. § 2518. The order directing that a citation issue upon that petition and that it be served upon the persons therein named who were non-residents of the state, and that personal service without the state be made upon them, was in accordance with the statutory requirements. Code Civ. Pro. § 2526. Service of the citation having been made in accordance with the order upon John L. Severance, as administrator of the estate of the decedent, it seems to me that this court gave him the necessary notice of the proceeding brought by the state comptroller to vacate the order fixing tax upon the estate of the decedent and to grant a new trial. As Elizabeth S. Prentiss (formerly Allen), the other next of kin of the decedent, was personally served with citation while she was residing in the county of New York, the motion to set aside such service is denied.

The motion to set aside the order directing the

Misc.]   Surrogate's Court, New York County, April, 1919.

issuance of a citation, the citation itself, and the service of the citation without the state upon John L. Severance, as administrator of the estate of the decedent, is denied.  The moving parties will have five days within which to appear generally and answer the petition, or take such other action in the premises as they deem advisable.

Decreed accordingly.