In the Matter of the Estate of Matilda W. White, Deceased.

Surrogate's Court, New York County, May 6, 1943.

*Amy B. Bishop* and *Edith N. Falcke,* individually, in person.

*Shirley Falcke, attorney in fact (Samuel S. Korn* and *Max Seltzer* of counsel), for Amy Bend Bishop and another, as executrices of Cortlandt F. Bishop, deceased, petitioners.

*Winthrop H. Kellogg* for Beatrice B. B. Berle, respondent.

*George L. Allin,* individually, in person.

*Allin, Riggs & Shaughnessy* for George L. Allin, as executor of Cortlandt F. Bishop, deceased, respondent.

FOLEY, S. In this application to vacate the decree made by me dated May 16, 1938, judicially settling the account of the trustee herein and approving the compromise of the issues raised by objections to the account, a preliminary question of practice and procedure is raised by the respondents. Vacatur is sought on the claim that the decree was procured by fraud and upon other grounds under subdivision 6 of section 20 of the Surrogate's Court Act. The moving parties appeared in person and were represented by an attorney in fact. He is a layman. Promise was made upon the argument of this preliminary question that a proper notice of appearance by an attorney or attorneys at law would be filed. Disposition of the preliminary question was withheld to await such filing. No notice of appearance has been filed. Further delay is unjustified and disposition of the preliminary question will be made.

The respondents claim that there is a defect of parties and specifically that persons whose rights would be affected by a possible vacatur have not been given notice of the attack upon the decree. The position of the respondents is correct. For a long period of years it has been the customary practice of the Surrogate's Court to require notice to be given to all persons possessing rights which might be disturbed by either the vacatur or the modification of a decree. Such notice is given in varying form. Where all the parties to the main proceeding have

appeared by attorneys, a notice of motion or an order to show cause may be employed. Where a person interested has not appeared by attorney and particularly where such person resides without the State citation to show cause is directed to issue and be served. Moreover, the rights of persons who were infants or incompetents at the time of the entry of the decree must be protected by notice that is formal and appropriate under present conditions, which might be different from those existing at that time. Former infants may have attained majority or former incompetents restored to competency. As to such parties personal service rather than service upon the special guardian, general guardian or committee is requisite. In certain cases the service of such citation to show cause by publication becomes necessary. The custom and advantages of that procedure were carefully explained by Mr. Surrogate Fowler in *Matter of Severance* (106 Misc. 710, affd. 191 App. Div. 885). The basic reason for these rules of procedure is that the rights of all persons interested must be safeguarded.

In the pending proceeding large monetary amounts are involved. The settlement approved by my decree which is sought to be vacated required the payment of $515,000 by the estate of the deceased executor and trustee, Cortlandt F. Bishop, into the estate of the testatrix here. The notice of motion has been served only upon the parties who appeared in the original accounting proceeding. There are other persons whose rights would be affected by a vacatur. Moreover, the rights of the remaindermen in the estate of Cortlandt F. Bishop, from which the payment was made, may be subject to peril by a reopening of the accounting proceeding. In that estate the compromise and settlement made with the estate of the testatrix here were approved by an intermediate decree, dated July 6, 1938, of Mr. Surrogate Delehanty. Disposition of this matter therefore must be suspended pending compliance with the following directions of the Surrogate:

(1) Citation is directed to issue and be served upon each and every person in this estate whose rights would be affected by the granting of the application to vacate. The notice of motion served upon the attorneys for certain parties is sufficient and no additional service of citation upon them will be required.

(2) Citation shall issue and be served upon the beneficiaries in the estate of Cortlandt F Bishop whose rights may be affected by a vacatur.

(3) Because of the fact that my decree approving the settlement was made conditional upon the procurement of a decree in

the estate of Cortlandt F. Bishop likewise approving the settlement and because such decree of approval was actually made by Mr. Surrogate DELEHANTY, an application must be made promptly to vacate his decree. Process and service upon that application shall be the same as that outlined in respect of this estate.

(4) The moving parties and the respondents are directed to serve and file on or before May 12, 1943, affidavits setting forth the names of all parties who are required to be brought in, their addresses and their particular status as beneficiaries, and whether any of them are infants or incompetents or in military service.

Proceed accordingly. If the moving parties desire an order for the purpose of challenging the determination herein made by the Surrogate by an appeal, they may submit the same upon notice.